Maurice X. WALKER, Appellant,

v.

UNITED STATES of America.

No. 17681.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Feb. 2, 1970.

Decided March 3, 1970.

---

Maurice X. Walker, pro se.

Stanley W. Greenfield, Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa. (W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before FREEDMAN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant is currently serving a federal prison sentence of ten years for a violation of 18 U.S.C. § 2113(d) (bank robbery) to which he pleaded guilty in 1961. Two codefendants also pleaded guilty to the same charge. Seven years later appellant filed a § 2255 petition in the court below, alleging that his guilty plea was invalid because it was not intelligently entered, and because the same counsel was appointed to represent all three defendants charged in the indictment.

Before us for review is only the record of the proceedings at sentence. A transcript is not available of the colloquy at arraignment. Yet, such a void in the record is not to be unexpected where a period of seven years intervenes between the time of the questioned proceedings and the initiation of review.

That portion of the record which is extant, however, supports a conclusion that the plea was made with full knowledge and understanding of its consequences. Appellant's contention that the plea was entered without the necessary appreciation of its nature and consequences is entirely conclusory, and general legal conclusions not supported by factual allegations are insufficient to support a § 2255 petition. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). We fully concur in the district court's conclusion that "the petition wholly fails to suggest facts upon which we could infer that his plea was not understandingly or intelligently given."

We agree with appellant's statement of the law that he was entitled to the "untrammeled and unimpaired" assistance of counsel for his defense. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). But representation of codefendants by the same attorney is not tantamount to the denial of effective assistance of counsel guaranteed by the sixth amendment. There must be some showing of a possible conflict of interest or prejudice, however remote, before a reviewing court will find the dual representation constitutionally defective. Curry v. Burke, 404 F.2d 65 (8 Cir. 1968); Glavin v. United States, 396 F.2d 725 (9 Cir.), cert. denied 393 U.S. 926, 89 S.Ct. 258, 21 L.Ed.2d 262 (1968); United States v. Paz-Sierra, 367 F.2d 930 (2 Cir. 1966), cert denied 386 U.S. 935, 87 S.Ct. 962, 17 L.Ed.2d 807 (1967).

A careful review of the record here discloses no trace of such conflict or prejudice. Instead, it affirmatively demonstrates that counsel was thorough and diligent in preparing this case and protecting his client's interests. Finally, appellant was asked specifically at the time of sentencing whether he had "any objection to the fact that you are

represented by the same counsel as a co-defendant." His response was simple and direct: "No, I don't."

The judgment of the district court will be affirmed.