**UNITED STATES of America ex rel. Robert John SMALL, Jr., H–5586, Appellant,**

v.

**Alfred T. RUNDLE, Supt.**

**No. 18386.**

United States Court of Appeals, Third Circuit.

Argued Dec. 14, 1970.

Decided May 3, 1971.

**236**

Arnold J. Rosoff, Philadelphia, Pa., for appellant.

David Richman, Asst. Dist. Atty., Philadelphia, Pa. (James D. Crawford, Deputy Dist. Atty. for Law, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and FREEDMAN * and GIBBONS, Circuit Judges.

OPINION OF THE COURT

HASTIE, Chief Judge.

The district court has denied the petitioner, a state prisoner serving a sentence for sex offenses involving a seventeen year old girl, a writ of habeas corpus. On this appeal the petitioner contends that the record shows that he was denied the effective assistance of trial counsel.

Petitioner's assigned counsel also represented codefendants including Thomas Lare, at a single trial. It is argued that this dual representation hampered counsel in plea bargaining and also prevented him from such cross-examination of the codefendant as might have been helpful to the petitioner.[1]

These are the relevant facts. Petitioner, Robert Small, was tried with two other defendants, Thomas Lare and Frank Hill, on two indictments each charging assault and battery, indecent assault, aggravated assault and battery, assault and battery with intent to ravish, and rape; two indictments charging sodomy, and one indictment charging corrupting the morals of a minor.

The evidence adduced by the Commonwealth at trial indicated that petitioner was on a date with the seventeen year old prosecutrix on the evening of Friday, September 3, 1965, which was also the second time they had met; that late that evening Small along with other unidentified young men had sexual intercourse with the prosecutrix and forced her to commit oral sodomy. The prosecutrix testified that on the following evening, September 4, Small accosted her on the street; that she broke away from him and ran into a hoagie shop where she pleaded for someone to call the police; that Small forced her out of the shop and into a car; that she was

---

\* Judge Freedman heard the argument and participated in the consideration of this appeal but died before decision.

1. Our examination of the record satisfies us that there is no merit in a separate contention that defense counsel delayed unduly in beginning work on this case and was inadequately prepared for trial. *Cf.* Moore v. United States, 3d Cir. 1970, 432 F.2d 730.

driven to a deserted road where Small, in the company of several other young men including Lare and Hill, again forced her with blows and threats to have sexual intercourse and to commit oral sodomy; and that Small and Lare raped her again in an abandoned auto in a separate incident later that evening. During the early morning hours, Small and Lare were arrested in a restaurant where they had taken the prosecutrix who, while in the restaurant, had succeeded in calling the attention of a policeman to her plight.

Small and Lare both admitted in pretrial oral statements and in their trial testimony that they had engaged in sexual relations with the prosecutrix, but each denied the use of force. Frank Hill, the third defendant, testified that he was not present at any of these events, and his defense was corroborated by Lare and Small and by alibi witnesses. The petitioner also conceded that he had intercourse with the prosecutrix in a parked car on their first date but asserted that it was done with her consent. He stated that shortly thereafter, while he and the prosecutrix were waiting for a street car to take them home, a car approached containing two or three boys, one of whom he knew, and the occupants of the car offered the young couple a ride home. After they got into the car, one of the boys in the car began to make advances toward the prosecutrix and, when the advances met with her favor, the boys drove to a secluded area where all engaged in consensual sexual relations with her. Following this incident, the boys dropped the prosecutrix off near her home. There was evidence that upon arriving at home, after exchanging some words with her mother who was still awake, she went to bed without saying anything about the incidents of that evening. As to the events of the next evening, appellant strenuously denied at trial any use of force and insisted that the prosecutrix consistently consented to the several incidents of sexual intercourse with all of the persons involved.

In the presence of petitioner, codefendant Lare had given to an interrogating officer a statement admitting having sexual relations with the girl and implicating appellant in this activity. Petitioner did not at that time make a detailed statement of his own, but he told the officer that the same thing which happened with Lare also happened with him. A jury found Small guilty of sodomy, aggravated assault and battery, assault with intent to ravish, and rape in connection with the events of September 4. He was acquitted of the rape and lesser related offenses arising out of the incidents of September 3. Lare was convicted on all charges considered by the jury with respect to the September 4 incidents, while Frank Hill was acquitted completely. Each of the defendants was represented at trial by Martin K. Miller, Assistant Voluntary Defender.

No direct appeal was filed from judgment of sentence. Later, Small filed a petition under the Post Conviction Hearing Act, 19 P.S. § 1180–1. On appeal from a denial of that petition, the Superior Court of Pennsylvania affirmed the judgment, two judges dissenting. An evenly divided Supreme Court of Pennsylvania then affirmed that judgment. Continuing his attack upon his conviction the petitioner filed the present petition for a writ of habeas corpus which the district court denied.

We must decide whether, in the circumstances of this case, the simultaneous representation of the petitioner and Lare by a single attorney involved a conflict of interest that prejudiced the petitioner and impaired his right to effective representation by counsel.

It merits statement at the outset that dual representation of criminal defendants tried together is not necessarily a deprivation of the Sixth Amendment right to effective assistance of counsel. Walker v. United States, 3d Cir.1970, 422 F.2d 374. "There must be

some showing of a possible conflict of interest or prejudice, however remote. \* \* \*" *Id.* at 375.

■ Petitioner advances two theories to show a possible conflict of interest under the present facts. First, he says that when one defends against a gang rape charge by claiming consent "it should be easier to convince the jurors that a young girl would consent more readily to having sexual relations with one male than with two or three or more." But on this score it was not the fact of dual representation that made petitioner's defense difficult. In this connection, it is to be remembered that the present challenge is to dual representation and not to a single trial of several alleged participants in gang rape. If counsel had represented petitioner alone in this joint trial, the defense would still have been confronted with overwhelming evidence that, whether voluntarily or under coercion, the prosecutrix while in the company of a group of young men engaged in sexual intercourse and sodomy with several of them. It would not have been a promising line of defense for counsel representing appellant alone to have attempted to show that in a series of sexual acts committed with members of a group, each in the presence of the others, the prosecutrix consented to sexual relations with one young man but resisted the others. Nothing appears in the record to indicate that before or during trial petitioner advised counsel that he wished to take that position. Add the fact that in his pre-trial statement petitioner had stated that the same thing happened with him as with Lare and we find it incredible that counsel representing appellant alone might have tried to inculpate Lare as a means of exculpating petitioner. Having adopted Lare's admissions, petitioner had no practical alternative but to adhere, as he did, to a defense that pictured the prosecutrix as consenting to intercourse with both of them. And since, as anticipated, Lare's testimony at trial supported this defense, petitioner was not prejudiced because his counsel could not, by cross-examination or otherwise, challenge Lare's testimony that the prosecutrix had consented to sex acts with him. In these circumstances, we can find no significant conflict of interest between the two defendants that might have made it improper or prejudicial for a single lawyer to represent both of them.

On this appeal it is argued for the first time that had counsel represented petitioner alone he would have been in better position to bargain for a guilty plea. But there is no indication in the record that counsel or client ever wished to follow that course, or that the circumstances created any likelihood that the prosecutor or the court might have viewed appellant as more deserving of leniency than was Lare. By their own pre-trial statements to the police, petitioner and Lare had locked themselves into a common position as to what they did and as to any excuse for their conduct.

On the entire record we find no denial of any constitutional right.

The judgment will be affirmed.