**UNITED STATES of America**

**v.**

**Walter Julian WHITE, Appellant.**

**No. 19064.**

United States Court of Appeals, Third Circuit.

Argued Dec. 17, 1970.

Decided July 19, 1971.

Rehearing Denied Sept. 28, 1971.

Maryland to Easton, Pennsylvania, of a tractor trailer and goods of the value of more than $5,000, knowing them to have been stolen, in violation of 18 U.S.C. §§ 2312 and 2314.

White's most substantial contention on this appeal is that the district court frustrated his effort to show that eyewitness testimony, identifying him as a participant in the alleged crime, was tainted by pretrial identification procedure that improperly suggested to the witness that White was the culprit.

During the trial an eyewitness called by the prosecution identified appellant as a participant in the alleged wrongdoing. During the course of cross-examination this witness volunteered the information that before the trial she had been shown a photograph of the appellant. However, neither then nor at any other time while this witness was on the stand, did the defense attempt to question her, in or out of the presence of the jury, concerning the circumstances or details of this pretrial episode. Indeed, no effort was made at the trial, either by cross-examination or through other testimony, to discredit or disqualify any eyewitness testimony on the ground of improperly suggestive pretrial identification. Were this all, the present claim of error would be frivolous.

However, the issue of suggestive identification had been raised before trial. After appellant, acting *pro se*, had applied for speedy trial, counsel was assigned to represent him. On March 10, the court entered an order fixing April 13 as the date for trial. On March 30, the appellant filed a motion asking for the suppression of identification testimony, alleging in very general and conclusory language:

"5. Petitioner was advised and therefore avers that the out-of-court identification for the prosecution was secured under a highly suggestive procedure by the Federal Bureau of Investigation.

Charles Robert Bernsee, Philadelphia, Pa., for appellant.

Robert N. de Luca, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before HASTIE, Chief Judge, and FREEDMAN * and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

This is an appeal from a conviction and sentence on a two-count indictment charging appellant White with the interstate transportation from Baltimore,

* Judge Freedman heard the argument of this appeal but died before decision.

"6. Petitioner believes and therefore avers that the out-of-court identification has so influenced the witnesses that it will be part and parcel of the in-court identification."

The government replied, asserting:

"2. * * * On the contrary, it is averred that the out-of-court identification of the defendant was proper in every respect and, therefore, will not taint any in-court identification by the witnesses for the Government."

On April 8, the court, without a hearing, denied the motion in an order that, after referring to the request for speedy trial, the appointment of counsel in January, and the subsequent fixing of a date for trial, continued as follows:

"On March 30, 1970 defendant, by his counsel, filed a motion to suppress identification, no notice of which was given by defendant or his counsel to the Trial Judge who had fixed his trial for April 13, 1970.

"In these circumstances, we find that the motion to suppress was not filed before arraignment and since it was filed almost two months after the appointment of counsel we are disinclined to permit it, under F.R. Cr.P. 12(b) (3) as a motion made within a reasonable time after arraignment or after the appointment of counsel, but rather as an effort to delay the trial fixed for a specific date responsively to defendant's application for a speedy trial or dismissal of the indictment."

Thus, the court refused to make the requested pretrial inquiry both because it viewed the request as untimely under Rule 12(b) (3) and because it believed the delay in filing the motion, and perhaps the conclusory and factually uninformative character of its allegations as well, suggested that the accused was seeking to delay trial without having any facts to present that would justify delay.

■■ It is far from clear that Rule 12(b) (3), rather than Rule 41(e), determines the time within which such a pretrial motion as appellant made must be filed. For Rule 41(e) is a particular regulation of motions to suppress illegally obtained evidence while Rule 12(b) (3) deals generally with a miscellany of motions. And though the language of Rule 41(e) suggests that the draftsmen had in mind the suppression and return of physical objects that had been seized illegally, we think it is applicable as well to motions for the suppression of identification testimony. Therefore, we cannot say that by force of Rule 12(b) (3) applicant's motion to suppress, filed 13 days before trial, had to be denied as untimely. Rather, it could properly have been considered under the less stringent language of Rule 41(e) at any time before trial.

■ In any event, the absence of any factual allegations in the motion to indicate even what type of identification procedure the movant sought to challenge and the circumstance that the motion was not filed until more than two months after the appointment of counsel, three weeks after a trial date had been set and less than two weeks before the scheduled trial, provided a factual basis for the court's conclusion that the motion was essentially a delaying tactic.

■■ More important, since the court did not inquire into or rule on the merits of what it viewed as an untimely motion and because efforts to discredit identification testimony normally are permitted and frequently occur during trial, the denial of the pretrial motion on stated procedural grounds did not suggest that the court would disallow cross-examination of any eyewitness by questioning concerning suggestive and prejudicial pretrial identification procedure, or, if requested, an inquiry as to the circumstances of pretrial examination conducted in the absence of the jury. And neither Rule 12(b) (3) nor Rule 41(e) raises any bar to such impeachment or cross-examination. Certainly, when an eyewitness, called to identify the defendant from the stand, volunteered that she had been shown the defendant's picture

before trial, the appropriateness and potential value of questioning about the occurrence were obvious. Yet, counsel chose not to inquire.[1] Thus, even if the procedural ruling on the pretrial motion was incorrect, in the circumstances of this case the appellant, having failed to pursue the identification issue at trial, is not entitled now to another opportunity to explore the speculative possibility of improperly suggestive pretrial identification.

 The appellant also complains of improper cross-examination concerning a prior conviction. At his trial he elected to testify. By so doing he put his credibility in issue and became subject to cross-examination concerning prior conviction of any felony, or any misdemeanor amounting to *crimen falsi*. United States v. Remco, 3d Cir. 1968, 388 F.2d 783, 785–786. On cross-examination he was asked whether on August 27, 1959 in the Criminal Court of Baltimore he had been found guilty of "larceny of an automobile". He answered, "No sir, I was not. That was unauthorized use, 18 months." Even if conviction of "unauthorized use" was, as appellant now argues, inadmissible, there is no indication that the inquiry concerning conviction of larceny was made in bad faith. And so much of the answer as admitted conviction of a lesser crime was information volunteered by the witness. Moreover, when the prosecutor pursued the matter and again asked the witness whether on August 27, 1959, a verdict was returned against him and a judgment entered on a charge of larceny, no objection was interposed and appellant answered, "yes". Finally, at sentencing the appellant indicated that the Baltimore conviction had been for larceny. The judge, referring to a presentence report, asked the appellant whether on August 27, 1959, in Baltimore, he had been convicted of "another larceny or theft of an automobile",

and the appellant acknowledged that this was correct. We find no error in the cross-examination concerning the 1959 conviction. We also observe that a proper and unchallenged charge was given on the limited use to be made of the evidence of prior convictions.

The appellant has briefed and argued several other points. We have examined each of them and find no reversible error.

The judgment will be affirmed.

---

[1]. Counsel could have prepared in advance of trial for such inquiry by requiring discovery under Rule 16(b) of whatever photographs of the accused or other persons had been exhibited to any witness in connection with any pretrial identification of the accused.