UNITED STATES of America

v.

John Lawrence DONOVAN et al.

Appeal of Edward Robert COONEY, Appellant.

No. 71-2032.

United States Court of Appeals, Third Circuit.

Argued June 19, 1972.

Decided June 30, 1972.

Rehearing Denied Aug. 22, 1972.

---

Jerry B. Chariton, Wilkes-Barre, Pa., for appellant.

S. John Cottone, U. S. Atty., Harry A. Nagle, Lewisburg, Pa., for appellee.

Before MARIS, JAMES ROSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The appellant Cooney is one of three defendants indicted, individually, and jointly as conspirators, in connection with the hijacking of a tractor-trailer carrying merchandise valued in excess of $385,000.00. They were represented at their arraignment and trial in the District Court for the Middle District of Pennsylvania by private counsel employed by the mother of the defendant Ostin. At the commencement of their joint trial on July 6, 1971 defendant Ostin changed his plea to guilty on the indictment charging him with a substantive offense and on the next day, after the Government had put in part of its evidence, defendant Donovan similarly changed his plea and the appellant Cooney changed his plea to guilty on the conspiracy indictment. From the judgment entered on that plea he took the present appeal.

The appellant's principal contention on appeal is that he was deprived of his right to be represented by counsel who was not burdened with an actual or potential conflict of interest on account of also representing co-defendants. We have examined the record of the case and find no merit in this contention. It is true that Donovan, one of the defendants, made the contention that there was a conflict between his interests and those of Ostin. But this alleged conflict involved another unrelated case with which Cooney was not involved. There was no suggestion by anyone that the interests of the appellant Cooney conflicted with those of Ostin or Donovan, let alone a showing of such a conflict, or any showing of prejudice. The mere fact that criminal defendants tried together are represented by the same counsel or that the proofs offered may vary among the accused is not enough. We are satisfied that the appellant was not deprived of the effective assistance of counsel. Walker v. United States, 3 Cir. 1970, 422 F.2d 374; United States ex rel. Small v. Rundle, 3 Cir. 1971, 442 F.2d 235; United States v. Rispo, 3 Cir. 1972, 460 F.2d 965.

The appellant also contends that his trial and conviction in the District Court was invalid and placed him in double jeopardy because of a subsequent indictment in the state court for substantially the same offense. However, since the appellant had not even been indicted in the state court, much less placed on trial in that court, before his trial in the District Court, he had clearly not yet been placed in jeopardy in the state court and, hence, could not have been placed in double jeopardy by his trial in the District Court.

The judgment of the District Court will be affirmed.