**UNITED STATES of America**

v.

**James RISPO, a/k/a Chuck, Appellant in No. 72–1371, and George Louis Rispo.**

**Appeal of George Louis RISPO, No. 72–1461.**

**Nos. 72–1371, 72–1461.**

United States Court of Appeals, Third Circuit.

Argued Oct. 20, 1972.

Decided Jan. 2, 1973.

Morris Paul Baran, Sporkin & Baran, Philadelphia, Pa., for appellant in No. 72–1371.

F. Emmett Fitzpatrick, Jr., Fitzpatrick & Smith, Philadelphia, Pa., for appellant in No. 72–1461.

Peter M. Shannon, Jr., Appellate Section, Crim. Div., Dept. of Justice, Washington, D.C., for appellee.

Before STALEY, GIBBONS and JAMES ROSEN,* Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

The appellants James Rispo (72–1371) and George Rispo (72–1461) appeal from judgments sentencing them following their conviction on a three-count indictment which charges them with transporting a stolen firearm in interstate commerce, 15 U.S.C. § 902(g), selling firearms without a license to persons known to be residents of a state other than that in which they resided, 18 U.S.C. § 922(a)(5) and conspiring to commit those substantive offenses. 18 U.S.C. § 371. The appellants are brothers and were represented by the same attorney in the district court. That attorney here represents George Rispo, while James Rispo has on appeal retained separate counsel.

### Contentions of George Rispo

■ George Rispo contends that the Government failed to prove he had the requisite criminal intent. There was ample evidence that the guns were recently stolen and the court charged that the jury could infer knowledge from this fact. If that charge was correct (see *infra*) there was evidence to sustain the jury's verdict. George Rispo also contends that the court improperly admitted certain evidence of other offenses. The evidence in question was admissible under United States v. Carter, 401 F.2d 748 (3d Cir. 1968), cert. denied, 393 U.S. 1103, 89 S.Ct. 905, 21 L. Ed.2d 797 (1969), since it related to events inextricably a part of the history of the guilty acts charged in the indictment. Each other evidentiary ruling on which George Rispo relies was either correct, not the subject of an objection, or harmless.

### Contentions Common to George and James Rispo

■ Both appellants contend that the court's charge pertaining to the inference which the jury might draw from the possession of recently stolen property was in error. The case involves the sale of an unusual hand gun of Russian manufacture, part of a large private gun collection recently stolen. In addition to the gun referred to in the indictment a number of unusual weapons from the same collection were by the evidence placed in appellants' possession or control. Appellants concede that the instruction given was correct under Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964), and United States v. Pounds, 323 F.2d 419 (3d Cir. 1963) (per curiam). They contend, however, that the authority of these cases has been undermined by Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) and Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), both of which dealt with statutory presumptions. After the *Turner* decision we reconsidered the instruction that possession of recently stolen property is circumstantial evidence from which the jury can infer scienter. United States v. Bamberger, 456 F.2d 1119, 1132–1135 (3d Cir. 1972). We held that such an instruction would be improper, absent proof of actual or constructive possession of the stolen property. Considering the evidence of such possession in this case, the court correctly charged that

---

* Judge Rosen participated but died before the opinion was filed,

possession of the recently stolen property, not satisfactorily explained, was a circumstance from which the jury could infer that the persons in possession knew the property was stolen.

### Contentions of James Rispo

(1) Respecting Cross-Examination of Defense Witnesses

■ James Rispo contends that it was error to permit the Government, in cross-examination of James Zimmie, a character witness for the defense, to inquire into an arrest for receiving stolen goods in January, 1969, and a conviction for that offense in June, 1969, because Zimmie had only testified to the reputation of the defendants in November and December, 1968. Ordinarily cross-examination of character witnesses as to their familiarity with events bearing upon a defendant's reputation, such as arrests and convictions, is a matter within the sound discretion of the trial court. Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); United States v. Polack, 442 F. 2d 446, 447 (3d Cir.), cert. denied, 403 U.S. 931, 91 S.Ct. 2253, 29 L.Ed.2d 710 (1971). It has been suggested that character evidence should be confined to a defendant's reputation at the time of commission of the crime, for fear that a false public impression might have been created by the defendant's arrest and charge for the very act for which he is being tried. See United States v. Null, 415 F.2d 1178 (4th Cir. 1969); V Wigmore, Evidence, § 1618. The arrest about which Zimmie was cross-examined took place during the period of the conspiracy charged in the indictment. If reference to the subsequent conviction was error it was harmless for several reasons. It was largely cumulative of the impact made by the proper reference to the arrest. It did not bear upon reputation tainted by the arrest and charge for which James Rispo was on trial. Finally, and conclusively, James Rispo took the stand in his own defense for the purpose of impeaching the testimony of a different prosecution witness. Thus

his conviction for a crime involving *crimen falsi* was admissible against him. *E. g.,* United States v. White, 446 F.2d 1280, 1283 (3d Cir. 1971); United States v. Mitchell, 427 F.2d 644, 647 (3d Cir. 1970); United States v. Evans, 398 F.2d 159, 164 (3d Cir. 1968); United States v. Remco, 388 F.2d 783 (3d Cir. 1968). The record makes clear that James Rispo's decision to testify was in no way related to Zimmie's cross-examination.

(2) The Joint Representation Issue

James and George Rispo retained the same privately compensated attorney. James now claims that he was deprived of the effective assistance of counsel (1) because there was a conflict of interest in the joint representation of him and his brother George, and (2) because the representation afforded him was below the level of normal competency.

The conflict of interest arose, according to James, because he, unlike George, had a criminal record. This, James contends, presented several dilemmas to the joint attorney. If, for example, counsel had used a character witness only for George, James would have suffered by comparison from the absence of such testimony on his behalf. If character evidence were introduced on behalf of both, James would have been (as he was in fact) exposed to the introduction of his criminal record. If no character evidence was used George would have been deprived of a significant benefit.

■■ A defendant is, of course, entitled to the "untrammeled and unimpaired" assistance of counsel for his defense. Glasser v. United States, 315 U. S. 60, 62, 62 S.Ct. 457, 86 L.Ed. 680 (1942). We have held, however, that joint representation of codefendants by the same attorney is not per se a denial of the effective assistance of counsel guaranteed by the sixth amendment. The defendant asserting such a denial must make some showing of a possible conflict of interest or prejudice arising from the joint representation. *E. g.,* United States ex rel. Small v. Rundle,

442 F.2d 235, 237–238 (3d Cir. 1971). The *Small* case presented the issue in a habeas corpus context, and hence solely in its constitutional dimension. Undoubtedly we could impose for trials in the federal courts a preventative rule as to joint representation more strict than that required by the sixth and fourteenth amendments. Thus far we have chosen not to do so. *See* United States v. Rispo, 460 F.2d 965, 970 (3d Cir. 1972); Walker v. United States, 422 F.2d 374 (3d Cir. 1970). *Compare* the above *with* Campbell v. United States, 122 U.S.App.D.C. 143, 352 F.2d 359 (1965).

■ The conflict dilemma referred to above is in any real sense on this record imaginary. It is clear that James Rispo was going to take the stand regardless of the presence or absence of character testimony. His criminal conviction would in any event have come into the case. Thus the existence of that record in no way inhibited the use of character testimony. In this case the reasons which prompted him to take the stand would have been the same whether James Rispo had the same or separate counsel. His testimony was an effort to bolster a defense common to him and to his brother. If he had separate counsel, and had decided not to take the stand, thereby abandoning a common defense, the presence of separate counsel would not have dispelled the possible prejudice arising from the use of character testimony on George's behalf but not for him. The defendant simply has not shown any possible conflict of interest or prejudice from the joint representation to which he agreed. This case does not present a situation calling for a less stringent burden of showing such possible conflict or prejudice by federal defendants who have so agreed than is imposed by Walker v. United States, *supra,* and United States v. Rispo, *supra. Cf.*

Government of Virgin Islands v. John, 447 F.2d 69, 74–75 (3d Cir. 1971).

■ The normal competency argument is based on the contention that counsel made two errors of law. First, he is said not to have realized that a character witness could be cross-examined as to events subsequent to the period covered by cross-examination. We have already held that if this resulted in error it was harmless since the same information was admissible when James Rispo took the stand. Second, it is contended that the decision to put James Rispo on the stand was prompted by counsel's mistaken belief that convictions occurring after the date of the crime charged in the indictment could not be brought out on cross-examination. *Compare* Commonwealth v. McIntyre, 417 Pa. 415, 208 A.2d 257 (1965) *with* United States v. Gray, 468 F.2d 257 (3d Cir. 1972). This contention simply is not supported by the record. The attorney who represented both defendants at the trial and George Rispo on this appeal made it clear in the record below (tr. 447) and in a brief and at oral argument here that he was well aware of the applicable federal rule on the impeaching use of convictions of felonies or misdemeanors amounting to *crimen falsi.* The decision to risk impeachment for the anticipated benefits of James Rispo's testimony was well within the range of normal competency by which we judge the effective assistance of counsel. Moore v. United States, 432 F.2d 730 (3d Cir. 1970).

Defendants make other assignments of error all of which have been adequately disposed of by the opinion of the district court denying their motions for a new trial or judgment of acquittal. *See* United States v. Rispo, 338 F.Supp. 662 (E.D.Pa.1972).

The judgments of the district court will be affirmed.