**UNITED STATES of America,
Appellee,**

v.

**Robert Lawrence EGGEBRECHT,
Appellant.**

**No. 73–1167.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1973.

Decided Oct. 19, 1973.

Rehearing Denied Nov. 28, 1973.

Roy G. Breeling, Omaha, Neb., for appellant.

William K. Schaphorst, U. S. Atty., and Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before GIBSON and BRIGHT, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

TALBOT SMITH, Senior District Judge.

The appellant appeals his conviction by jury of violation of 26 U.S.C. §§ 5861(d) and 5871, willfully and knowingly possessing a weapon made from a rifle which had not been registered to him in the National Firearms Registration and Transfer Record.[1]

The case arose out of an altercation in, and in the parking lot behind, a bar in Omaha, Nebraska, known as "Norma's Place." A Miss Debra Gomez was playing pool therein, in the company of some of her girl friends. The appellant, who was himself accompanied by a friend, addressed certain remarks to one of Miss Gomez' friends, to which Miss Gomez took exception. The ensuing disputation was temporarily calmed by the barmaid. It was continued, however, in the back parking lot, after appellant allegedly confronted Miss Gomez with the words "Now let's see what a fancy broad you are." At this juncture Miss Gomez' brother came out of the bar and the altercation widened to include both him and appellant's friend. At or about this point appellant went to a nearby car and returned with a sawed-off rifle which he pointed at Miss Gomez, the two at this point engaging in a "veritable battle of words." An off-duty sheriff happened to pass at this time, noticed the altercation, and the weapon pointed at Miss Gomez, and, drawing his own revolver, ordered appellant to drop his weapon, which he did. As the sheriff turned to the crowd, which had gathered behind Miss Gomez, words were heard to the effect that they were going to "kick someone's rear end," whereupon appellant retrieved his rifle and began to operate the bolt. As the sheriff reached

---

* Hon. Talbot Smith, United States Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Appellant had also been charged with violation of 26 U.S.C. §§ 5861(c) and 5871, wilfully and knowingly possessing a weapon made from a rifle without payment of the tax. This count was dismissed upon motion.

for the gun, appellant released it, a .22 bullet falling from the chamber. The charges described above followed.

The appellant raises several points on appeal, none of which has merit. He first argues that the inclusion of sawed-off rifles in the Federal Firearms Act, *supra*, without a requirement of scienter, constitutes an irrational classification, violative of the due process clause of the Fifth Amendment. This argument is foreclosed by United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). The distinction appellant seeks to make, that in *Freed* the defendant was convicted of possessing hand grenades while here, of possessing a sawed-off rifle[2] is not persuasive, nor the assertion that a sawed-off rifle "become just another handgun" not outlawed by the Act. See Milentz v. United States, 446 F.2d 111 (8th Cir. 1971), United States v. Robinson, 448 F.2d 715 (8th Cir. 1971).

Appellant complains, also, that the trial court erred in rejecting his *in limine* motion that, in event he were to take the stand, the number (nine) of his previous felony convictions not be inquired into, though disclosure of the fact that there were "prior felony convictions" was not opposed. The issue thus sought to be presented is whether a felon of multiple convictions shall be permitted to appear before the jury thus shielded, lest he be convicted for his past record, not his current offense. The problem has had much recent consideration and comment[3] but it cannot be resolved on this record, for we have no record. The motion was made in chambers prior to trial and is "not a part of the record at that time due to the fact that the court reporter was not present." (App.Br. p. 13.) We have examined the issue heretofore in Montgomery v. United States, 403 F.2d 605 (8th Cir. 1968) and United States v. Scarpellino, 431 F.2d 475 (8th Cir. 1970).

With respect to the error alleged in the court's instruction of constructive possession, and its rejection of appellant's tendered instruction on the defense of necessity, upon careful consideration of the record and the briefs of the parties we have concluded that no error of law appears.

The judgment is affirmed.

---

2. "The present National Firearms Act covers *gangster-type weapons* such as machine-guns, sawed-off shotguns, *short-barreled rifles* . . .." (italics ours.) 1968 U.S.Code Cong. and Admin.News at p. 4434.

3. The literature is abundant, much of it cited in the Proposed Federal Rules of Evidence for United States Courts and Magistrates, with Advisory Committee Notes, Rule 609, Impeachment by Evidence of Conviction of Crime. See, also United States v. Palumbo, 401 F.2d 270 (2nd Cir. 1968), Note, 70 Yale L.J. 763 (1961), Spector, Impeachment Through Past Convictions: A Time for Reform, 18 De Paul 1 (1969) and Note, 56 Geo.L.J. 117 (1967).