**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William John Allen BOWEN, Defendant-Appellant.**

**No. 74-1205.**

United States Court of Appeals, Sixth Circuit.

Submitted June 11, 1974.

Decided July 16, 1974.

Certiorari Denied Nov. 11, 1974. See 95 S.Ct. 322.

John Tim McCall, Louisville, Ky. (Court-appointed), on brief, for defendant-appellant.

George J. Long, U. S. Atty., Mark Stephen Pitt, Asst. U. S. Atty., Louisville, Ky., on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, McCREE Circuit Judge, and RUBIN *, District Judge.

PER CURIAM.

This is an appeal from a conviction in a jury trial of a fifty-six year old man who received a nine-year sentence for causing to be transported in interstate commerce three falsely made and forged checks, in violation of 18 U.S.C. § 2314.

On appeal, it is contended, first, that the trial court committed reversible error by permitting the prosecution to impeach appellant on cross-examination by asking him if he had ever been convicted of a felony. However, after appellant responded "yes" to this question, the district court instructed the jury, specifically, that the question "has nothing to do with the substantive offense alleged in this charge, and you may not consider it for any purpose other than the question of [appellant's] credibility." This introduction of evidence of prior felony convictions for the limited purpose of impeaching a criminal defendant who voluntarily has taken the witness stand is consistent with the traditional rule of law recognized in this country. *See, e. g.,* McGautha v. United States,

* The Honorable Carl B. Rubin, Judge, U. S. District Court for the Southern District of Ohio, sitting by designation.

**42**

402 U.S. 183, 213–217, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971); Spencer v. Texas, 385 U.S. 554, 561, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); United States v. Palumbo, 401 F.2d 270 (2d Cir. 1968), cert. denied, 394 U.S. 947, 89 S.Ct. 1281, 22 L.Ed.2d 480 (1969); United States v. Remco, 388 F.2d 783 (3d Cir. 1968); Singleton v. United States, 381 F.2d 1 (9th Cir. 1967); United States v. Eggebrecht, 486 F.2d 136 (8th Cir. 1973). We are not persuaded by appellant's contentions that a different rule is constitutionally mandated on grounds that this procedure violated appellant's constitutional rights against self-incrimination, to a trial by an impartial jury, and to equal protection and due process of law. And we decline at this time to reconsider the traditional rule as a matter of our supervisory power over criminal trials in this circuit.

■ Appellant also contends that the district court erred in not declaring a mistrial when the prosecutor, in closing argument to the jury, said that the eyewitness identification of appellant "was good enough when the case was presented to the grand jury to enable the grand jury to return an indictment." This comment was without doubt improper. It is another example of prosecutorial "overkill", *see e. g.,* United States v. Calvert, 498 F.2d 409 (6th Cir. 1974), such as might require reversal in a case where the proofs were not so overwhelming or where the prosecutor made the prejudicial statement knowing it to be improper. In such a case, a verdict of guilty might have to be overturned despite commendable efforts of a trial judge to correct with a cautionary instruction the prosecution's error for which the court was not responsible. Here, however, the record contains overwhelming evidence of appellant's guilt, there is no suggestion that the prosecutor acted in bad faith to prejudice appellant, and the trial court instructed the jury to disregard the comment. Accordingly, we conclude that the error was harmless.

Affirmed.