**UNITED STATES of America**
**v.**
**Anthony MERLINO.**
**Crim. No. 74–305.**

United States District Court,
E. D. Pennsylvania.

April 4, 1975.

**534**

Robert F. Haley, II, Special Atty., Philadelphia Strike Force, Crim. Div., Dept. of Justice, Philadelphia, Pa., for plaintiff.

George E. Goldstein, Goldstein & Rosenblum, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Presently before the Court is Anthony Merlino's motion to vacate and/or reduce a sentence imposed by this Court on November 20, 1974. A hearing was held February 6, 1975.

On May 28, 1974, the defendant was indicted on seven counts charging him with conspiracy, illegal use of a communication facility, and with distribution of various controlled substances. The same indictment named eight other individuals as coconspirators and named various codefendants on several of the other substantive counts. On October 21, 1974, the defendant changed his plea from not guilty to guilty on three of the counts.[1] On November 20, 1974, the defendant was sentenced to five years imprisonment with a special parole term of five years to follow.[2] The Court,

---

1. The defendant pleaded guilty to Count I of the indictment charging him with conspiracy and to Counts IV and VII charging distribution of various controlled substances.

2. Defendant was sentenced pursuant to 21 U.S.C. § 841(b)(1)(A).

pursuant to the Government's motion, dismissed the remaining four counts after the sentence was imposed.

The defendant was represented by privately retained counsel. This same counsel also was retained by three codefendants; Ann Merlino, the wife of the defendant, Albert Carter and Margaret H. Delconte. The Court accepted from each of these three codefendants a change of plea from not guilty to guilty on the same date as it accepted the defendant's change of plea, and all three were sentenced by the Court on the same date as the defendant.

■ The defendant contends that he was denied the effective assistance of counsel and due process of law as a result of the conflict of interest which allegedly arose from the representation at sentencing of the four codefendants by the same privately retained counsel. He also alleges that he was prejudiced by the incompetence of his counsel. With respect to this second claim, the standard of competence of counsel to which a defendant is entitled was articulated in Moore v. United States, 432 F.2d 730, 736 (3d Cir. 1970):

. . . the standard of adequacy of legal service as in other professions is the exercise of the customary skill and knowledge which normally prevails at the time and place.

The defendant offered no testimony or argument that his counsel did not exhibit the "customary skill and knowledge" required of attorneys in criminal proceedings. Without further discussion, we therefore dismiss the claim of incompetence of counsel.

Defendant contends that the conflict arose at sentencing where he was placed in an unfavorable light with respect to the codefendants represented by his counsel and was not benefited by witnesses who would have produced favorable testimony on his behalf. He further alleges that his counsel should have presented to the Court certain evidence concerning his background and character which were relevant to his sentencing.

■ When faced with a contention by a defendant that he was a victim of a conflict of interest in the joint representation of himself and other codefendants, we must bear in mind that the defendant has the burden of showing a possible prejudice from the joint representation. Walker v. United States, 422 F.2d 374 (3d Cir. 1970). In United States v. Rispo, 470 F.2d 1099 (3d Cir. 1973), the Third Circuit stated at 1103:

A defendant is, of course, entitled to "untrammeled and unimpaired" assistance of counsel for his defense. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). We have held, however, that joint representation of codefendants by the same attorney is not per se a denial of the effective assistance of counsel guaranteed by the sixth amendment. The defendant asserting such a denial must make some showing of a possible conflict of interest or prejudice arising from the joint representation. E. g. United States ex rel. Small v. Rundle, 442 F.2d 235, 237–238 (3d Cir. 1971). The Small case presented the issue in a habeas corpus context, and hence solely in its constitutional dimension. Undoubtedly we could impose for trials in the federal courts a preventive rule as to joint representation more strict than that required by the sixth and fourteenth amendments. Thus far we have chosen not to do so.

■ Although the present claim of conflict of interest arises in the context of a sentencing proceeding, we can perceive no difference in the standard to be applied in assessing a claim of conflict at trial and such a claim at sentencing after a guilty plea. See Walker v. United States, 422 F.2d 374 (3d Cir. 1970).

Although our Circuit Court has not imposed upon the trial judge an affirmative obligation to ascertain from defendants whether their choice of joint counsel is an informed decision, it has, however, recommended that the trial judge warn each defendant of the possible dangers of joint representation. Government of the

Virgin Islands v. Hernandez, 476 F.2d 791 (3d Cir. 1973). As Judge Rosenn stated in *Hernandez, supra,* at 793:

> The Supreme Court has held that the sixth amendment right to fair and effective assistance of counsel can be abridged when several defendants are represented by one counsel. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Although recognizing that this constitutional right could be waived, the Court said any waiver must be made knowingly and intelligently. 315 U.S. at 70–71, 62 S.Ct. 457. Drawing on *Glasser's* imposition on the trial judge of a duty to preserve a defendant's right to effective assistance of counsel, the District of Columbia Circuit has required trial judges to ascertain from defendants whether their choice of joint counsel is an informed decision. Campbell v. United States, 122 U.S. App.D.C. 143, 352 F.2d 359 (1965). We have never gone so far as to impose this affirmative obligation on the trial judge. United States v. Rispo, 470 F.2d 1099, 1102 (3d Cir. 1973). We have, however, refused to find a waiver of this right in the face of a silent record on the issue, noting that *Glasser* required "the trial judge . . to 'indulge every reasonable presumption against the waiver.' " Government of the Virgin Islands v. John, 447 F.2d 69, 74–75 (3d Cir. 1971). In the present case, we are again faced with a silent record. Despite the prosecutor's expression of concern, the trial judge did not apprise appellants of the perils of joint representation. Nor does the record indicate that defense counsel explained the dangers to the clients.

■ We recommend, that on the retrial of this case, the trial judge warn each defendant of the possible dangers of joint representation.

. . . . . .

When both defendants are represented by the same counsel, counsel may understandably be inhibited in his efforts to demonstrate that one or the other defendant was the guilty party. Although we need not decide on this appeal whether counsel for the Hernandezes faced such a conflict of interest as to deprive either appellant of his or her right to effective assistance of counsel, see United States v. Rispo, 460 F.2d 965 (3d Cir. 1973), Walker v. United States, 422 F.2d 374 (3d Cir. 1970), we believe the dangers inherent in joint representation are serious enough here to make it highly desirable that they be appraised of them. If such dangers are communicated to the appellents, difficult questions of whether a conflict of interest arose because of joint representation can be avoided. Appellants will intelligently be given the choice of whether to reject joint representation or to waive their right to the unfettered representation made possible by separate counsel.

From the outset in this case, the Court made repeated efforts to warn the defendants of the possible dangers of joint representation. The Court, in an Order dated June 17, 1974, requested that all defendants be present at a pretrial conference with their counsel, the intention being to be certain that all defendants were aware of the possible danger of joint representation. The defendant chose not to attend this conference. At this pretrial conference the Court noted several times to all counsel that it was concerned with the conflicts possible from the joint representation of codefendants and expressed a desire to avoid all such problems. (N.T. Pretrial Conference, 5, 14, 15). Again, at a subsequent hearing, counsel were advised of the Court's concern over the joint representation of several of the defendants and were instructed to have their clients present at a hearing held on October 7, 1974, one of the purposes for the hearing being to ascertain if all defendants were aware of the possible conflicts of interest. (N.T. Hearing, 38). The Court again at this hearing expressed its concern over the joint representation of several codefendants. (N.T. Hear-

ing on Motions, 22, 23). The defendant admits that at the time of his arraignment he was advised of the possibility of a conflict between himself and other codefendants represented by the same counsel. (N.T. Defendant's Motion to Vacate, 3, Defendant's Affidavit, ¶ 3).

■ The defendant contends, however, that he never was made aware of a possible conflict of interest at sentencing which could result from the joint representation of several codefendants, as distinguished from the possible conflicts at the trial of his case. Whether he was aware of the possible conflicts that could occur at his sentencing in spite of the Court's efforts to so advise him throughout the criminal proceedings, we need not decide for we have closely examined the record with respect to all the defendants who were sentenced on November 20, 1974 and represented by the same counsel and can find no prejudice to the defendant. The record shows that the defendant's counsel brought to the Court's attention, on behalf of the defendant, the background of the defendant, his lack of a prior criminal record, and that his involvement in the instant criminal activity was a result of his personal addiction to drugs. The defendant's allegation that his counsel did not even read the pre-sentence report ordered by the Court, a copy of which was supplied to his counsel,[3] is not borne out by the record of the sentencing. His counsel not only read the report but called the Court's attention to statements in the report which were inaccurate. (N.T. Sentencing, 2, 3). There is nothing in the record to substantiate the de-fendant's allegation that the plea agreements arrived at by his counsel were more favorable to his jointly represented codefendants than to him. In short, the record discloses no prejudice to the defendant.

■ Nevertheless, after consideration of the defendant's motion to vacate and/or reduce sentence, which was filed by the defendant's newly retained private counsel who had not represented any of the other codefendants in the case, the Court set the matter down for a hearing on February 6, 1975 and heard testimony from the defendant and his wife, read and made part of the record several letters from various members of the defendant's family and members of his community. The defendant was afforded a full opportunity to present all the evidence and witnesses he felt should have been presented at his original sentencing. After a full consideration of this additional testimony, together with the exhibits which were received in evidence, the Court has determined that its original sentence was a proper one.

This Memorandum and Order is in lieu of findings of fact and conclusions of law, pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure.

Accordingly, the following Order is entered:

## ORDER

And now, this 4th day of April, 1975, upon a full consideration of the defendant's motion to vacate and/or reduce sentence, it is hereby ordered that said sentence shall not be vacated, modified or reduced.

---

3. N.T. Defendant's Motion to Vacate Sentence, 12.