**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank WADE, Defendant-Appellant.**

**No. 74–1199.**

United States Court of Appeals, Sixth Circuit.

Argued June 17, 1974.

Decided Aug. 27, 1974.

Jerry Weiner, Columbus, Ohio, for defendant-appellant; Weiner, Lippe & Cromley, Columbus, Ohio, on briefs.

Curtis Griffith, Jr., Asst. U. S. Atty., Columbus, Ohio, for plaintiff-appellee; William W. Milligan, U. S. Atty., Columbus, Ohio, on briefs.

Before WEICK, EDWARDS and Mc-CREE, Circuit Judges.

WEICK, Circuit Judge.

Appellant Wade was charged in Count I of an indictment with unlawfully possessing with intent to distribute approximately .8 grams of heroin (a Schedule I controlled substance), and in Count II with unlawfully possessing with intent to distribute 3.9 grams of cocaine (a Schedule II controlled substance), all in violation of Title 21 United States Code, Section 841(a)(1).

In his trial by jury Wade was convicted only of the lesser included offense of possession on each count. He was sentenced to one year's imprisonment on each count, to be served consecutively.

■ Wade contends that the District Court erred in denying his motion to suppress evidence procured in a search authorized by warrant issued by a United States Magistrate. The affidavit for the search warrant was sworn to by a Special Agent employed by the United States Department of Justice, Bureau of Narcotics and Dangerous Drugs, and was based not only on information supplied by an informer who had been proven reliable, but also on surveillance of a house by a police officer, which house was not the residence of Wade. On the basis of all of this information the Special Agent swore as to his belief that controlled substances, namely, heroin were currently being concealed on the premises.

Pursuant to the authority of the search warrant, the officers entered the house and observed Wade "getting up off the couch" in the living room, and Wade "stuck something down into the end of the couch where he was sitting." A tin foil packet containing heroin powder, a one dollar bill and a five dollar bill each folded and containing powdered cocaine, and Wade's car keys were recovered from the end of the couch.

In our opinion the affidavit sufficiently afforded probable cause for the search, and the Magistrate was fully authorized to issue the search warrant. The District Court properly denied the motion to suppress.

■ Wade's counsel next claims that he was misled by the Court on the basis of incorrect information furnished to him by the Judge's law clerk, on which information he relied, and which information was to the effect that the Judge was not going to instruct the jury on the lesser included offense of possession; in other words, that the Judge would charge the jury only on possession with intent to distribute. Counsel claims that had he known the District Judge would charge the jury on the lesser offense, the defendant would not have waived his privilege and would not have taken the witness stand and admit that from time to time, although he was not addicted, he did snuff both heroin and cocaine.

At the close of the Government's evidence in chief, counsel for Wade moved for judgment of acquittal, which motion was denied by the Court.

Counsel then moved the Court "that the question of possession with intent to distribute be eliminated, and that a sole question for the jury to consider would be the question of possession." The Court stated that his previous ruling included the motion which counsel had just made, and overruled it.

Counsel then asked the Court to reconsider the question whether or not the jury should consider three verdicts, indicating that he did not know whether possession was an included offense. The Court then stated:

The Court: I think you should do that by way of a special request for instructions rather than by motion. At this time the only matter before the Court at this time is whether or not we shall go on with the evidence in this case, and under my denial of your motion for a judgment of acquittal we go on.

That doesn't mean that you have to put on any evidence. You can simply rest, and that is in the presence of the jury, if you tell this Court you rest, you see, then you can renew your motion for a judgment of acquittal for the record and then if I deny that again, the jury gets the case and at that point you can ask this Court to instruct on possession alone or possession with intent to distribute. (Tr. at 139–140)

Counsel then asked for an early adjournment to consider "whether or not we intend to present any defense. I might say to the Court that if we did at this time, most of the witnesses that I had supplied names of will not be used other than three character witnesses and the defendant." Court was then adjourned until the following morning.

When the trial resumed three character witnesses testified for the defendant. Wade then testified as the last witness.

He testified as to his educational background; that he attended the Columbus School System and graduated from Bowling Green State University in August, 1959; that he majored in Education. He testified that after graduation he worked as an athletic director for the Columbus Recreation Department; that he was Program Director at Franklin Village for two years; that he went to Model Cities as Education Coordinator until the funds ran out; and that he then went to work for Mr. Bootery, where he is now employed as Assistant Manager.

Wade testified further that he uses narcotics; that he "snorts" cocaine, and occasionally heroin; he defined "snorting" as putting the powdered narcotics up to his nostrils and sniffing them. He could have used the word "snuff". He identified the folded one dollar and five dollars bills as containing powdered cocaine, and the tin foil packet as containing heroin, and testified as to the quantity; and testified that the narcotics were placed in the one dollar and five dollar bills for the reason of "snorting".

Wade further testified:

Q. Would you explain why you say that that was probably put in there for the reason of snorting?

A. Well, this is what you usually find, you know, stuff in, is dollar bills that you are passing around.

Q. When you say passing around, would you explain what you mean by passing it around?

A. Well, in other words, if I was blowing and another person—

Q. When you say blowing, I am going to stop you right there. What do you mean?

A. Snorting.

THE COURT: Take that exhibit out of his hand and fold it up the way it was before and put it on that desk here.

BY MR. WEINER:

Q. Would you explain what you mean by blowing?

A. Well, snorting it, in other words.

Q. Snorting it?

A. Right.

Q. Continue your answer from your definition of what you meant by blowing.

A. I am saying the bill would probably be passed from one person to another, that's all, and like when I got through with it I would just give it to the next person; that's all, just no more than just a way to put it, to use it to snort off of.

Q. Is that a common way of doing that?

A. Yes. (Tr. at 162–163)

At the close of all the evidence the Court called counsel for the parties into a conference, stating:

The Court: The record may further show that the Court has conferred with counsel for the parties at a prior time during the course of this trial and in respect of either the necessity or the appropriateness of the Court giving instructions on lesser included offenses.

The record may show further that counsel for the Government has asked the Court to give instructions on the lesser included offense of unlawful possession of heroin and cocaine, whereas counsel for the Defendant has advised the Court that it will object to the Court's giving a charge on lesser included offenses. (Tr. at 183–184)

The Court also advised counsel that he would submit to the jury eight forms of verdict, four for each count, which would cover guilty or not guilty of possession with intent to distribute, and the lesser included offense on each count. The judge also went over with counsel the instructions which he proposed to give to the jury.

It was at this point that defense counsel moved for a mistrial, stating that on the prior day when the Government had closed its case in chief and the Court had

recessed until the following day, he received a call from the Judge's law clerk.[1]

Although counsel for appellant, when he initially moved for judgment of acquittal, professed ignorance as to whether possession was an included lesser offense, the law is settled so that there is no question about it. Simple possession of a controlled substance is made an offense by Section 844 of Title 21. A person who violates that section shall be sentenced to imprisonment for not more than one year. Violation of Section 841 (a)(1) carries with it a sentence to imprisonment of not more than fifteen years.[2]

Rule 31(c) Federal Rules of Criminal Procedure provides:

> The defendant may be found guilty of an offense necessarily included in

---

1. MR. WEINER: I would then go on to state that at approximately 5:00 to 5:30 I was called by an individual who—

   THE COURT: Did you call him?

   CLERK SCHNEIDER: Yes.

   THE COURT: By the law clerk?

   MR. WEINER:—Judge Kinneary's clerk called me some place between 5:00 and 5:30. I might preface this with the fact that I would say to the Court that very frankly we had some discussion as to whether or not possession was a lesser included offense, and I believe I stated to the Court at the time I really don't know, and I believe the Court said well, we would ask—

   THE COURT: Go on and get to the point of your motion.

   MR. WEINER: Getting to the point of what I am getting to at this particular time, the call came between 5:00 and 5:30 from Judge Kinneary's law clerk, and that was to the effect that the Court would not charge on simple possession, therefore this placed a totally different trial strategy upon the Defense as to whether or not to go on, and as a result we then, based on the conversation last evening, put the Defendant on and allowed him to admit the use of narcotics, including both heroin and cocaine, which is something that had not come out in evidence, did not necessarily have to come out, however based on the belief that the Court was not at that point going to charge on simple possession, we felt that this would not be detrimental to the Defendant, and to get on the stand and make these types of admissions I seriously doubt if we had not gone into it, I think both by rules of evidence in Federal Court and the prosecution of the Government would not have cross-examined in relation to whether or not the Defendant did in fact use any narcotic drugs.

   We feel at this point that the charge on the lesser included offense—

   THE COURT: Wait a minute. You have made a motion for a mistrial. Go ahead and submit that. Let me rule on it.

   MR. WEINER: Based on that, and the fact that that affected—and I think prejudicially to the Defendant's harm—that we proceeded to put the Defendant on and go into areas that did not have to be gone into; that could have completely been avoided.

   By simply not asking the question, just asking the Defendant: Is that the exhibits that we are referring to, 2, 3 and 4, that the Government has introduced into evidence, yours? And stopped period, of which the Court heard, regardless of the fact that the Defendant did in fact deny that they were his.

   The introduction of evidence as to his use had, though I am sure—

   THE COURT: Let's say based upon the whole testimony of the Defendant you have been prejudiced, and therefore there is a mistrial, because what you are saying is, you have been misled by the Court to put on the defense that you did by way of the testimony of the Defendant; is that correct?

   MR. WEINER: That's correct.

   THE COURT: The motion is overruled. (Tr. at 190–192)

   The record does not indicate whether the law clerk ever called the Assistant United States Attorney and advised him of the Judge's alleged ruling not to charge on possession.

   The defendant was not entitled to be advised as to the proposed instructions of the Court until after the close of all the evidence and prior to argument to the jury. Rule 30, Federal Rules of Criminal Procedure. Indeed the Court might have difficulty in formulating his instructions to the jury before all the evidence was in.

2. It may have been good trial strategy for the defendant to take the witness stand after offering his three character witnesses. It afforded the defendant the opportunity to tell the jury about his fine educational background, the good positions which he has held since, and the fact that he was never convicted of a felony. Had he not taken the witness stand he could have been convicted of the main offense of possession with intent to distribute, which carried with it imprisonment for not more than fifteen years.

the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.

This rule was applied in Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).

Rule 30 Federal Rules of Criminal Procedure provides that any party may file written requests that the Court instruct the jury on the law set forth in the requests. The Court is required to inform counsel of its proposed action thereon prior to counsels' arguments to the jury. This judicial function should never be delegated to a law clerk.

In the present case the Assistant United States Attorney had indicated to the Court during his argument resisting the motion for a judgment of acquittal at the close of the Government's case that possession was an included offense and that he wanted the issue submitted to the jury. The record does not reveal that he knew anything about the call of the law clerk to the attorney for the defendant.

While counsel for the defendant indicated that he did not know whether possession was an included offense, he could have looked it up easily within a few minutes' time when the Court adjourned early to permit him to consider what evidence he desired to offer. It would have been error for the Court not to have instructed the jury on the lesser included offense.

The facts as disclosed by the record are insufficient to enable us to pass intelligently upon the issue whether defendant's counsel was misled by the call from the Court's law clerk. The law clerk did admit that he made the call, but he was not questioned as to what he told the defense attorney, or what the attorney told him. All we have is the unsworn statement of the defense attorney to the Court. We do not know whether the law clerk had express or implied authorization from the Court to make the call. We do not know whether the law clerk also called the Government's attorney

handling the case to inform him as to the Court's alleged ruling.

It will be necessary for us to remand the case to the District Court to conduct an evidentiary hearing and to adopt findings of fact and conclusions of law relative to this issue, and to report to this Court. We are required to do this even though it may appear that the claim of being misled is improbable. Machibroda v. United States, 368 U.S. 487, 496, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

We have considered the other issues raised by appellant but we do not believe that they merit discussion.

Remanded for the evidentiary hearing and report. Jurisdiction is reserved to consider and pass upon it.