**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Frank WADE, Defendant-Appellant.**

**No. 74–1199.**

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 1975.

Jerry Weiner, Weiner, Lippe & Cromley, Columbus, Ohio, for defendant-appellant, and Frank Wade pro se.

William W. Milligan, U. S. Atty., Curtis Griffith, Jr., Columbus, Ohio, for plaintiff-appellee.

Before WEICK, EDWARDS and McCREE, Circuit Judges.

### ORDER

We now have before us for consideration, the findings of fact and conclusions of law adopted by District Judge Rubin who had been assigned to hear the case on the remand which we ordered in our opinion reported in 502 F.2d 144 (6th Cir. 1974) and a transcript of the evidence taken at the evidentiary hearing.

The remand was for the purpose of determining whether defense counsel Weiner, an experienced trial lawyer, was misled by a telephone call which he received from the judge's law clerk, and which he claimed informed him that the judge was not going to instruct the jury on possession, as a lesser included offense to the main charge of possession with intent to distribute narcotics. As a result of the alleged misinformation imparted to him by the judge's law clerk, counsel claimed that he put his client on the witness stand to testify as a witness in his own behalf which otherwise he would not have done. On the witness stand the defendant admitted sniffing heroin as well as cocaine. In fact, during the search which we held was lawful,

these narcotics were found in his possession or under his control.

At the evidentiary hearing, Mr. Weiner called Daniel Schneider, the judge's law clerk, as a witness. Schneider was asked whether he called Mr. Weiner's law office leaving a message for him with his secretary to the effect that Judge Kinneary will not charge on the lesser included offense of possession of heroin and possession of cocaine.

The law clerk's response was:

I don't know what she wrote down but I don't believe the message I gave her was what you just said.

The law clerk was then interrogated as to his telephone conversation with Mr. Weiner as follows:

Q. Do you recall at that time telling me that the Court informed you to inform me that it is was not going to charge on the lesser included offenses in this particular matter?

A. No, I didn't tell you that.

Q. What did you tell me?

A. I told you—the gist of what I remember telling you was that the Judge's present thinking or his present inclination was not to instruct on the lesser included offense of possession. However, you should prepare instructions regarding the lesser included offense stating your position on this point and also any other instructions you wanted the Court to charge the jury on.

On cross-examination he testified as to Judge Kinneary's instructions to him:

Q. What did Judge Kinneary tell you to do?

A. He told me to call counsel for both parties and tell them that his present thinking was to not instruct on the lesser included offense of possession. However, they should prepare instructions regarding the point of lesser included offense and also be prepared to submit any other instructions they wanted.

Q. And did you make an effort to contact both counsel?

A. Yes, I did.

Q. Were you able to reach government counsel?

A. Yes, I did.

Q. What did you tell Mr. Griffith?

A. I told Mr. Griffith that Judge Kinneary's present thinking was not to instruct the jury on the lesser included offense of possession. However, he should prepare an instruction on lesser included offense of possession if he wanted it and he should also prepared proposed instructions on any other point he wanted the Judge to instruct the jury on.

Q. Did Mr. Griffith say anything to you during that conversation?

A. Yes. He indicated that he thought that the lesser included offense instruction would be proper, that he had a few cases and authorities indicating that it was proper, and I replied that he should bring it in the next morning, bring those authorities and cases in the next morning, and he said he would.

Q. Now, did you have that conversation with Mr. Griffith before you contacted Mr. Weiner?

A. Yes, I did.

Weiner then called Assistant United States Attorney Griffith as a witness and he testified as to the telephone call to him from the law clerk:

Q. And did he inform you that Judge Kinneary was not inclined to charge on the lesser included offense of possession?

A. He advised me, and again I can't recall the exact terms, but he told me that the Judge, to use my own expression, was leaning toward not giving the instruction on the lesser included offense. It was my position at that point I did want the instruction on the lesser included offense.

On cross-examination he testified that he asked the law clerk if that was a final decision or still an open question and he said certainly I could submit some law. The prosecutor did look up the applicable law and on the following morning delivered to the law clerk a list of citations in his own handwriting. This list was received in evidence at the evidentiary hearing. Mr. Weiner was called as a witness by the government and testified in part as follows:

Q. Will you relate to the Court what Mr. Schneider said to you during that telephone call?

A. To the best of my recollection, I recall Mr. Schneider calling. The conversation was that he was calling on behalf of Judge Kinneary and related to the fact as to whether or not we were going to, whether the Court was going to charge on the lesser included offense of possession of heroin and cocaine, and Mr. Schneider to the best of my recollection indicated to me that Judge Kinneary was not going to charge on the lesser included offenses.

Mr. Weiner did not call his secretary to testify nor did he offer in evidence any note that she may have written.

The findings of fact and conclusions of law adopted by the court on the remand are appended hereto, and marked Exhibit "A."

The Judge credited the testimony of the law clerk and the Assistant United States Attorney, rather than the testimony of Mr. Weiner, as he was privileged to do. He found that Mr. Weiner was not misled. He also found that Mr. Weiner was an experienced trial lawyer familiar with state as well as federal trial procedures. He had tried criminal cases before Judge Kinneary, as well as Judge Rubin, and knew their practice which was in conformity with Rule 30 Fed.R.Crim.P., to meet with counsel after the close of the evidence and prior to argument to discuss and decide on instructions to the jury.

The record clearly shows that Mr. Weiner was requested by Judge Kinneary to present his requests to charge at such hearing.

Mr. Weiner never did present any written request to the court to charge the jury.

Upon the resumption of the trial on the morning after he received the tele-

phone call from the law clerk, he never brought up the subject before Judge Kinneary but proceeded to offer defense witnesses, including the defendant.

In our opinion, the findings of fact of Judge Rubin are supported by substantial evidence and are not clearly erroneous. His conclusions of law were correct.

In our reported Opinion we stated:

We are required to do this (remand) even though it may appear that the claim of being misled is improbable. *Machibroda v. United States,* 368 U.S. 487, 496, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

We adhere to our reported Opinion. We are of the opinion that defense counsel was not misled and that there was no basis for any such claim.

The judgment of conviction of the District Court is affirmed.

### EXHIBIT "A"

CARL B. RUBIN, District Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter is before the Court pursuant to remand by the United States Court of Appeals for the Sixth Circuit and pursuant to reference to this Court by Chief Judge Joseph P. Kinneary. The Opinion of the United States Court of Appeals contains the following statements on page 148: "It will be necessary for us to remand the case to the District Court to conduct an evidentiary hearing and to adopt findings of fact and conclusions of law relative to this issue, and to report to this Court."

Pursuant to the foregoing an evidentiary hearing was held in Dayton, Ohio, on March 4, 1975. This Court does adopt the following findings of fact and conclusions of law.

### I

### FINDINGS OF FACT

1.

On December 10, 1973, defendant Frank Wade was on trial for an indictment charging two counts of violation of Title 21, United States Code, Section 841(a)(1). At approximately 4:00 p. m. on December 10, 1973, the United States rested its case and the defendant sought an adjournment.

2.

Prior to adjournment counsel for the defendant moved for a directed verdict of acquittal and moved that the question of possession of narcotics with intent to distribute be eliminated with the sole question for the jury to be a question of possession. Both motions were overruled by the trial court.

3.

Defense counsel requested a charge on possession of narcotics alone. Counsel expressed doubt as to whether possession was an included offense although counsel for the United States indicated that in his opinion, it was. In response to the foregoing, the Court suggested a special request for instructions rather than a motion. Following the foregoing discussion, court was adjourned without any defense testimony presented.

4.

Subsequent to adjournment the Senior Law Clerk was instructed to advise counsel that it was the Court's present inclination not to charge on a lesser included offense and that counsel should prepare such instructions on charges as such counsel desired. The Law Clerk so notified counsel for both parties.

5.

Counsel for the United States during the evening of December 10, 1973, and in the early morning of December 11, 1973, prepared a handwritten memorandum listing eleven cases holding that possession alone is an included offense. The handwritten notes were marked in evidence in this hearing as Government's Exhibit 1.

6.

At no time did defense counsel renew his motion for instructions, submit pro-

posed instructions to the jury, or request the trial court to reconsider the inclination not to charge on the included offense. Defense counsel, on the morning of December 11, 1973, presented testimony in behalf of the defendant and thereupon rested his case.

7.

At a chambers conference prior to final argument, defense counsel for the first time raised the question of the telephone conversation with the Court's Law Clerk. (Record Page 190)

8.

Defense counsel is an experienced, skillful, and knowledgeable attorney at law. He is familiar with criminal procedure, both in the state courts of Ohio and in the United States District Court for the Southern District of Ohio.

II

CONCLUSIONS OF LAW

A.

Possession of a controlled substance is an offense under 21 U.S.C. § 844. It is an offense included under possession with intent to distribute under 21 U.S.C. § 841(a)(1).

B.

Rule 30 of the Federal Rules of Criminal Procedure requires a Court to inform counsel of its proposed action prior to argument to the jury where written requests for jury instructions are filed.

C.

In a situation where an experienced trial attorney, after advice of a court's "Inclination", files no written request for instructions, seeks no opportunity to be heard on the question raised, and proceeds instead with the presentation of defense, all in circumstances where ample time was provided to do any of the foregoing, such attorney has not been misled, nor his client denied thereby a fair trial.

The Clerk of this Court is hereby directed to forward the foregoing findings of fact and conclusions of law to the Clerk of the United States Court of Appeals for the Sixth Circuit in accordance with directions contained in case No. 74–1199.

It is so ordered.