**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William Clay YOUNG, Defendant-**
**Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**ONE 1964 CHEVROLET IMPALA, etc.,**
**William Clay Young, Claimant-**
**Appellant.**

**Nos. 19943, 19944.**

United States Court of Appeals,
Sixth Circuit.

May 11, 1970.

Kenneth Harwell, Nashville, Tenn., for appellants.

George E. LeFevre, Asst. U. S. Atty., Nashville, Tenn., for appellee; Charles H. Anderson, U. S. Atty., Nashville, Tenn., on brief.

Before PHILLIPS, Chief Judge, and WEICK and McCREE, Circuit Judges.

PER CURIAM.

Defendant William Clay Young appeals from his conviction by a jury for carrying on the business of a retail dealer in liquor without paying federal taxes, in violation of 26 U.S.C. § 5691(a), and for possessing non-tax-paid distilled spirits, in violation of 26 U.S.C. § 5604(a) (1). He also appeals from a verdict entered by the District Court on a libel of forfeiture against a 1964 Chevrolet allegedly used to transport the illegal whiskey.

We consider first the appeal from the criminal conviction. Appellant made a motion for a new trial, on the grounds that the Government had suppressed evidence; that appellant had been surprised by the Government's failure to call certain witnesses; and that after the trial, new evidence was found exculpating appellant. The District Court found no merit in the three grounds asserted. We agree, and affirm the judgment of conviction.

Appellant filed with his motion two statements which contradicted the testimony of the Government's chief witness, Corbin. One of the statements was signed by "Digger" Poindexter, who said that he had not accompanied Corbin at the time of one of his encounters with appellant, as Corbin had testified. In the other, a Government informer named Key stated that he had accompanied Corbin at that time, although Corbin had not mentioned him in his testimony. At the hearing on the motion, only Key was present to testify, and he contradicted some of the allegations in his statement.

Knowing subornation of false testimony by the prosecution violates a defendant's right to due process, and requires a new trial. Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). And knowing suppression by

the prosecution of exonerating evidence renders a conviction constitutionally infirm. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, at the hearing on his motion for a new trial, appellant failed to prove that the Government knew or had any reason to believe that Corbin's testimony was false, or that the Government had pretrial knowledge of the allegations made after trial by Poindexter and Key. Parenthetically, we observe that Poindexter's and Key's statements concern only one of the two § 5691(a) counts, for which appellant received concurrent sentences.

 Appellant also claims that he was surprised by Corbin's testimony and by the Government's failure to call Key or Poindexter as witnesses. There is no showing, however, that Key was unavailable to appellant at any time. Appellant has only himself to blame for his failure to contact Key until after the trial. It is alleged that Poindexter was not available during the trial, but appellant made no effort until after the trial to have him served with a subpoena.

On these facts, the District Judge did not abuse his discretion in refusing to grant the motion for a new trial. Appellant's attorney had ample opportunity to seek the proffered evidence before and during the trial, because the case was tried four years after the crime was committed. A motion for a new trial on the basis of newly discovered evidence is "not favored and should be granted only with great caution." United States v. Hoffa, 382 F.2d 856, 862 (6th Cir. 1967). Moreover, "facts must be alleged which infer diligence on the part of the mover." *Ibid.* Here the facts show that appellant was anything but diligent. There is nothing to show that the evidence was not available to him before the jury returned its verdict.

We do not, however, agree with the District Court's disposition of the forfeiture count. Appellant had made a timely request for a jury trial on this issue, but, without explanation, the District Court did not instruct the jury thereon. We do not agree with the Government's contention that the jury's finding of fact on the criminal counts is conclusive here. It is possible that the jury could have found that the automobile used in transporting the illicit liquor was one other than that named in the libel. This finding would be a harmless variance from the criminal indictment which would not require us to set aside the conviction, but it would require reversal of the forfeiture decree. In any event, appellant was entitled to have a jury decide the facts. Vandevander v. United States, 172 F.2d 100 (5th Cir. 1949). Accordingly, the forfeiture judgment, based on the trial judge's findings of fact, is reversed.

The judgment of the District Court is affirmed in part and reversed in part, and the case is remanded for proceedings not inconsistent with this opinion.