UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert STEVENS, Defendant-Appellant.

No. 74–1592.

United States Court of Appeals,
Sixth Circuit.

Aug. 15, 1975.

Barry L. Howard, May, Burston, May & Greenspan, Detroit, Mich., for defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., Robert D. Sharp, Asst. U. S. Atty., Peter Rosen, DEA Strike Force, Detroit, Mich., for plaintiff-appellee.

Before EDWARDS and ENGEL, Circuit Judges, and CECIL, Senior Circuit Judge.

ENGEL, Circuit Judge.

Robert Stevens was convicted by a jury in the Eastern District of Michigan of two counts of violating 21 U.S.C. § 841(a)(1),[1] part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq.* Count One charged Stevens with possessing heroin with the intent to distribute it, in violation of Section 841(a)(1); Count Two charged him with the actual distribution of heroin in violation of Section 841(a)(1). Upon conviction, he was sentenced to three years on each count, the sentences to run concurrently.

On August 29, 1972 Stevens was asked by a female acquaintance if he would furnish narcotics to her friend. Stevens agreed and later that day turned a quantity of heroin over to the woman's friend, who was in fact a government undercover agent. At the trial the undercover agent testified to the transaction in which he purchased drugs from appellant. The woman who introduced them did not appear at trial at all, nor did either side attempt to obtain her appearance.

---

1. 21 U.S.C. § 841(a)(1) provides:
   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

Stevens raises three issues on appeal. However, only the third merits extended discussion.

■ Stevens first complains that the failure of the government to produce the "cooperating witness" denied him a fair trial, particularly as it related to his defense of entrapment which he claims would be corroborated by that witness. He did not request the government at any time to produce the witness, nor did he complain of this problem to the trial judge below. Nevertheless, Stevens claims that the government's failure to produce the witness constitutes plain error, F.R.Crim.P. 52(b), and merits reversal of the judgment below.

This issue is without merit. Although he knew who the witness was, Stevens made no effort to have the witness produced at trial, nor did he otherwise bring the issue to the attention of the trial court. In *United States v. Craig*, 477 F.2d 129 (6th Cir. 1973), the government failed to produce the go-between who introduced the special agent to the defendant for the purpose of making a narcotics buy. The defendant claimed that upon his request, he was entitled to have the witness produced. This court did not agree:

"The government is not ordinarily compelled to call all witnesses competent to testify including special agents or informers [citations]. The evidence upon which the appellant was convicted was secured by government agents personally and was in no way dependent on any informer [citations]. The Government was not required to produce the informer under the circumstances of this case; and we find defendant's contention in this regard to be without merit." 477 F.2d 130, 131 (1973)

■ Stevens' second claim of error is that the district judge abused his discretion in permitting the government to cross-examine him regarding his prior convictions. After first being asked if he had ever been convicted of a felony

and responding "Certainly", Stevens was asked:

"What felony or felonies have you been convicted of?"

Stevens claims that this question, in going beyond the initial inquiry as to whether prior convictions had occurred, was improper. The court overruled defense objection to the question, but properly instructed the jury that its admission was solely to test credibility. The government attorney did not further pursue the matter. The inquiry, so limited, was proper. *United States v. Bowen*, 500 F.2d 41 (1974), *cert. denied* 419 U.S. 1003, 95 S.Ct. 322, 42 L.Ed.2d 278 (1974). See also *United States v. Jackson*, 344 F.2d 922 (6th Cir. 1965), *cert. denied* 382 U.S. 880, 86 S.Ct. 169, 15 L.Ed.2d 120 (1965).

■ Stevens' third ground for appeal was that the trial court erred in refusing his motion to dismiss one of the counts because "there was however only one transaction between the same people involving the same substance."

As correctly pointed out by appellant, the single act of sale of heroin to the undercover agent formed the entire basis for his conviction of both counts of the indictment. In this respect, the case is identical to two cases recently decided in the Fourth Circuit, *United States v. Atkinson*, 512 F.2d 1235 (1975); *United States v. Curry*, 512 F.2d 1299 (1975).

In *Atkinson* and *Curry*, as here, appellants were charged and convicted on two counts of violation of § 841(a)(1) for possession with intent to distribute and distribution of heroin. In *Atkinson*, the defendant was given two fifteen-year sentences for the offenses, the sentences to run consecutively. The court remanded the case to the district court to vacate one of the two sentences imposed, stating:

Appellant Molden Atkinson asserts that the two 15-year sentences imposed on him exceeded the permissible sentencing limit for his involvement in the drug transaction. On the facts of this case, we agree. His possession of

the drug was not shown to exist separately from the moment in which the heroin was transferred to the government agent. Only when he produced the heroin for the sale was his possession shown to exist. Under these circumstances, while the single act was proof of two offenses, we are of opinion it was not the intent of Congress to increase the maximum sentence when two violations of the same subsection of the statute are shown by a single act. Cf. *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957).

Our ruling as to sentencing under 21 U.S.C. § 841(a)(1) is based on the limited factual situation presented here. We do not reach the question of multiple sentencing under other situations which may or may not arise. 512 F.2d at 1240

In *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), the Supreme Court faced a somewhat similar question where the defendant was convicted of entering a bank for the purpose of committing a felony, 18 U.S.C. § 2113(a), and bank larceny, 18 U.S.C. § 2113(b). As construed by this court in *United States v. Fried*, 436 F.2d 784 (6th Cir. 1971), and several other courts of appeals, *Prince* permits separate convictions on the two charges, but not multiple sentences.

We are in agreement with the Fourth Circuit that the logic of *Prince* supports a like determination under the facts here. The question is one of legislative intent, and this construction appears best designed to achieve it. See *United States v. Valot*, 481 F.2d 22 (2nd Cir. 1973), and discussion therein of Section 841(a) and other sections of the Comprehensive Drug Abuse Prevention and Control Act of 1970.[2]

It is true that allowing the judgment of conviction on each count to stand, but permitting only a single sentence presents the anomaly of one conviction going apparently unvindicated. That the solution may be untidy in this respect did not bother the court in *Prince v. United States, supra*, nor does it concern us when it possesses the superior virtue of achieving a just result which is consistent with legislative intent.

The trial court here imposed identical and concurrent sentences on each count, thus distinguishing this case from those cited. While it is true that this substantially reduces the potential prejudice to defendant which exists where the sentences are consecutive, we cannot hold that it altogether eliminates it and renders the effect harmless. *United States v. Machibroda*, 338 F.2d 947 (6th Cir. 1964).

The judgment of conviction is accordingly affirmed except as to sentencing. The case is remanded to the district court for the purpose of vacating one of the two concurrent sentences imposed upon the defendant.

2. In *United States v. Upthegrove*, 504 F.2d 682 (6th Cir. 1974), the defendants were convicted of unlawful possession of phencyclidine [21 U.S.C. § 844(a)] and of possession of the same drug with intent to distribute it, [21 U.S.C. § 841(a)(1)]. We had earlier ruled that the simple possession charge was a lesser and included offense within a charge of possession with intent to distribute, *United States v. Wade*, 502 F.2d 144 (6th Cir. 1974), and accordingly in *Upthegrove*, held that both the judgment of conviction itself as well as the sentence under the lesser charge was fully merged and could not stand. Here, both distribution and possession with intent to distribute are subject to maximum fifteen year penalties. Hence, one cannot be said to be lesser and included within the other in the usual sense. The possession with intent charge can be proved without proof of actual distribution and the distribution charge can conceivably be proved without proof of possession. Thus two offenses can exist, for each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Gavieres v. United States*, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911).