**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Johnny KING, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Turley SMITH, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Cleveland CLAY, Defendant-Appellant.**

**Nos. 75–1100, 75–1102.**

United States Court of Appeals,
Sixth Circuit.

Aug. 28, 1975.

Kay D. Schloff, F. Randall Karfonta, Detroit, Mich., for appellant Johnny King.

Ralph B. Guy, Jr., U. S. Atty., Robert D. Sharp, Richard L. Delonis, Asst. U. S. Attys., Detroit, Mich., for appellee United States.

Richard A. Rossman, F. Randall Karfonta, Kenneth R. Sasse, Detroit, Mich., for appellant Turley Smith.

Richard M. Lustig, Southfield, Mich., for appellant Cleveland Clay.

Before PECK, McCREE and ENGEL, Circuit Judges.

PER CURIAM.

Appellants Cleveland Clay, Turley Smith and Johnny King were indicted on August 27, 1973 by a federal grand jury sitting in the Eastern District of Michigan. The indictment charged appellants Smith and Clay on three counts:

(1) unlawful possession with intent to distribute approximately 59.5 grams of heroin in violation of 21 U.S.C. § 841(a)(1);

(2) unlawful sale and distribution and aiding and abetting in the sale and distribution of approximately 59.5 grams of heroin in violation of 21 U.S.C. § 841(a)(1);

(3) unlawful conspiracy to distribute 1/8 kilogram of heroin in violation of 21 U.S.C. § 846.

Appellant Johnny King was charged with the offenses alleged in counts two and three of the indictment, but was not charged with possession with intent to distribute heroin in count one.

All three appellants waived trial by jury, and trial was held to the court on March 19, 1974. On March 21, 1974, the trial court found all defendants guilty on all counts. Cleveland Clay was sentenced to serve a term of eight years on each of the three counts with a special parole term of five years on the first count, three years on the second count, and five years on the third count, all of the sentences to run concurrently. Turley Smith was sentenced to three years imprisonment plus a six year special parole term on each of the three counts, the sentences to run concurrently. Johnny King was sentenced to eighteen months imprisonment plus a special parole term of three years on each count, the sentences to run concurrently.

■ The appeals of the three defendants were consolidated for hearing before this court. Appellants King and Smith both claim that they were deprived of their Fifth Amendment due process rights by the pre-arrest delay of approximately ten months before the government brought charges against them. We find this claim to be without merit. An examination of the record indicates the government had valid and legitimate reasons for the delay in arresting King and Smith, and that the prejudice caused them by the delay was minimal. We therefore, conclude that the delay in question caused no deprivation of either appellant's constitutional rights. *Lothridge v. United States,* 441 F.2d 919 (6th Cir. 1971); *United States v. Harris,* 412 F.2d 471 (6th Cir. 1969).

Appellant Clay's sole claim on appeal is that the government, by furnishing him with an incomplete summary of statements by government agents before trial, in effect was guilty of withholding evidence useful and necessary to his defense within the meaning of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and thus deprived him of his Fifth Amendment due process rights. Clay claims that had he known that the testimony of government agents would link him to the alleged offenses, he would not have waived his right to jury trial.

■ This is not a case where the government intentionally withheld evidence which would have exonerated Clay. *Cf. United States v. Young,* 426 F.2d 93 (6th Cir. 1970). The statements furnished to appellant before trial were voluntarily disclosed at a time well prior to the time appellant was legally entitled thereto under the Jencks Act, 18 U.S.C. § 3500. There was no evidence that the government acted in bad faith in providing incomplete summaries, and appellant was not entitled to rely upon the fact that the statements could not be changed or supplemented at trial. We thus find this contention to be without merit.

Finally, appellant Smith has contended that his convictions for possession with intent to distribute heroin and distribution of heroin, in violation of § 841(a)(1), cannot both stand because the former offense is lesser and included within the latter. Although appellant Clay has not raised this issue on appeal, we consider its applicability to his convictions on counts one and two as well, since neither the district court nor Clay had the benefit of our decision in *United States v. Stevens,* 521 F.2d 334, 1975. In *Stevens,* supra, we quoted with approval the language of *United States v. Atkinson,* 512 F.2d 1235 (4th Cir. 1975), that where possession of heroin is not shown to exist separately from the moment in which it is transferred to the government agent, but a single act is proof of the two offenses, it was not the intent of Congress that the defendant be punished twice for the single act. We thus remanded the case to the district court for vacation of one of the two sentences imposed for the violations of § 841(a)(1). This was so even though the sentences imposed for the separate violations were to run concurrently.

■ Here it appears that as to appellant Smith there was no proof of possession separate from the act of transferring the heroin to the government agent. We thus remand the case to the district court for vacation of one of the two concurrent sentences imposed for his violation of § 841(a)(1).

■ As to appellant Cleveland Clay, there was no direct evidence of either his possession or sale of the heroin in question. Both convictions were based, however, upon the circumstantial evidence of delivery by Clay of the heroin to his co-defendant Smith. Counts one and two charged Clay with possession and distribution of the same 59.5 grams of heroin, and there is no indication different acts formed the basis of the two convictions. In effect, the single transaction of delivery of the heroin by Clay to Smith formed the basis of both convictions. We thus remand the case to the district court for vacation of one of the two sentences imposed. Since the district judge imposed a longer special parole term in connection with Clay's conviction on count one than that imposed on count two, he will be free to vacate either sentence in the exercise of his discretion.

The judgment of conviction as to appellant King, No. 75–1100, is affirmed. The judgments of conviction as to appellants Smith and Clay, No. 75–1101 and No. 75–1102, are affirmed except as to sentences. These cases are remanded to the district court for the purpose of vacating one of the two concurrent sentences imposed upon defendants Clay and Smith on counts one and two.

McCREE, Circuit Judge (concurring in part and dissenting in part).

I concur in the determination of the court that in the legislation under which the indictment was brought, the Congress did not intend to permit a defendant to be punished twice for a single act prosecuted as two separate offenses. However, I disagree with its resolution that results, not in the setting aside of one of the convictions, but only in the vacating of one of the two sentences that were imposed.

The sentence, not the pronouncement of guilt either by the jury or by the court, is the final judgment in a criminal case. *See Pollard v. United States,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) and *Miller v. Aderhold,* 288 U.S. 206 at 210, 53 S.Ct. 325, 77 L.Ed. 702 (1933). To fail to enter a final judgment (i. e. sentence) with reference to one count of an indictment would leave the unresolved count pending for an indefinite period of time.

Since we have determined that Congress did not intend to turn a single transaction into multiple offenses, I would require the prosecution to elect between the counts upon which a verdict of guilty was returned. The court would then set aside the conviction on the count not elected by the prosecution and would impose a sentence only upon the remaining one.

Although I have found no cases discussing this particular point, the Supreme Court in *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955), reversed the defendant's conviction in a similar situation. The Court in *Bell* held that the lower court erred in permitting two convictions to be based on a single transaction. As a result of its determination that Congress did not intend to permit dual punishment for one transaction, the Court held that the single transaction was not a proper basis for the prosecution of more than one offense. Although the Court did not discuss the proper remedy, I read its reversal as requiring the overturning of the improper second conviction.

The same result is required here. Simply vacating one of the sentences is not adequate. Further, failure to reverse the improper second conviction may later expose the defendant to additional punishment under an habitual offender statute. This result would clearly be contrary not only to the rationale of *Bell* but also to the concern of the majority in this appeal to avoid multiple punishment.