**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joe Agapito OLIVAS,
Defendant-Appellant.**

**No. 76–1444.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 18, 1977.

Decided June 22, 1977.

Certiorari Denied Oct. 3, 1977.
See 98 S.Ct. 203.

---

Don J. Svet, Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., C. Richard Baker, Asst. U. S. Atty., Albuquerque, N. M., with him on the briefs), for plaintiff-appellee.

Jerry C. Connell, Lakewood, Colo. (Bohm, Connell & McLellan, Lakewood, Colo., with him on the briefs), for defendant-appellant.

Before LEWIS, Chief Judge, and BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendant-appellant was indicted for, and found guilty by a jury of, four narcotics offenses arising out of two separate transactions. The sentence on each count imposed a seven-year term plus a three year special parole with the sentences to run concurrently. We affirm the convictions and remand the case for resentencing.

The transactions occurred on May 16, and June 2, 1975. Defendant was indicted on June 24, arrested in California on November 21, and returned to New Mexico on December 3. He immediately retained counsel. At arraignment on December 10 he pleaded not guilty. Trial was set for January 5. On December 29 defense counsel requested a trial continuance on the ground of insufficient time for preparation. The continuance was denied.

Failure to allow sufficient time for trial preparation can be a violation of a defendant's constitutional right to effective counsel. See *Powell v. Alabama*, 287 U.S. 45, 71, 53 S.Ct. 55, 77 L.Ed. 158. The grant of a continuance is discretionary with the trial court and reviewable only for abuse of discretion. *United States v. Tyler*, 10 Cir., 459 F.2d 647, 648, cert. denied 409 U.S. 951, 93 S.Ct. 297, 34 L.Ed.2d 223 and *United*

*States v. Ledbetter*, 10 Cir., 432 F.2d 1223, 1225. The exercise of that discretion will not be disturbed on appeal in the absence of a clear showing of abuse resulting in manifest injustice. *United States v. Hill*, 10 Cir., 526 F.2d 1019, 1022, cert. denied 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 and *United States v. Spoonhunter*, 10 Cir., 476 F.2d 1050, 1056.

■ Defense counsel had 33 days to prepare for trial in this routine narcotics case. Although the charges were serious, the factual problems were not complex. Five witnesses, including defendant, testified for the defense. The basic defense was entrapment. The evidence for the government was sufficient to convict and the jury showed by its verdict that it believed the government witnesses.

With regard to entrapment, appellate counsel ask us to read the record. We have done so. The defense was properly presented to, and rejected by, the jury. *Martinez v. United States*, 10 Cir., 373 F.2d 810, 812. There was no entrapment as a matter of law. See *Willis v. United States*, 8 Cir., 530 F.2d 308, 312, cert. denied 429 U.S. 838, 97 S.Ct. 108, 50 L.Ed.2d 105.

■ Count I of the indictment charged possession of heroin with intent to distribute on May 16. Count II charges distribution of heroin on the same day. Count III charges possession of heroin with intent to distribute on June 2. Count IV charges distribution of heroin on the same day. The alleged acts were all in violation of the same subsection of the United States Code, 21 U.S.C. 841(a)(1). Counts III and IV were based on a single transfer of heroin on June 2. Counts I and II were based on a May 16 transfer of heroin, except that on that day the federal agent was permitted to examine a sample of the heroin before the sale. The close proximity of the sampling and sale convinces us that in reality they were part of one transaction.

*Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, a case under the Bank Robbery Act, holds that Congress did not intend to increase the maximum sentence when two violations of the same statute are shown by a single act. The Fourth Circuit applied *Prince* to the narcotics statute involved in this appeal in *United States v. Atkinson*, 4 Cir., 512 F.2d 1235, 1240, cert. denied 429 U.S. 885, 97 S.Ct. 235, 50 L.Ed.2d 165, and *United States v. Curry*, 4 Cir., 512 F.2d 1299, 1305–1306, cert. denied 423 U.S. 832, 96 S.Ct. 55, 46 L.Ed.2d 50. The Sixth Circuit came to the same conclusion in *United States v. Stevens*, 6 Cir., 521 F.2d 334, 336–337, and *United States v. King*, 6 Cir., 521 F.2d 356, 358–359.

Our unpublished opinion in *United States v. Prieto*, 10 Cir., No. 75–1413, opinion filed April 5, 1976, is not to the contrary. That decision allows separate convictions for offenses arising out of the same transaction but does not address the question of sentence. The fact that defendant was sentenced to concurrent terms does not render the illegal sentence non-prejudicial. *United States v. Davis*, 10 Cir., 544 F.2d 1056, 1058.

We agree with the Fourth and Sixth Circuits that separate sentences may not be imposed for offenses arising from the same transaction. The anomaly of a conviction going apparently unvindicated does not bar the correction of sentence. One sentence for each transaction achieves a just result consistent with legislative intent. See *United States v. Stevens*, 521 F.2d at 337.

The judgment of conviction is affirmed on each count and the case is remanded with directions to vacate one of the concurrent sentences imposed on Counts I and II and one of the concurrent sentences imposed on Counts III and IV.