UNITED STATES of America, Plaintiff-Appellee,

v.

Barbara Jane HENCIAR, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

George Victor ALBERT, Defendant-Appellant.

Nos. 77–5163 and 77–5164.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 10, 1977.

Decided Dec. 13, 1977.

N. C. Deday LaRene, Fink & LaRene, Neil H. Fink, Arthur Jay Weiss, Detroit, Mich., for defendant-appellant in 77–5163.

Philip M. Van Dam, U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Michael P. Millikin, Detroit, Mich., for plaintiff-appellee in 77–5163.

Barry L. Howard, Hiller, Howard & Larky, Southfield, Mich. (Court-Appointed), for defendant-appellant in 77–5164.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and GRAY, District Judge.*

PHILLIPS, Chief Judge.

Barbara Jane Henciar and George Victor Albert appeal from their jury convictions on two counts of an indictment charging them with possession with intent to distribute heroin, distribution and aiding and abetting these offenses, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[1] The indict-

---

* Honorable Frank Gray, Jr., Senior Judge, U. S. District Court for the Middle District of Tennessee, sitting by designation.

1. 21 U.S.C. § 841(a)(1) provides:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

18 U.S.C. § 2 provides:

(a) Whoever commits an offense against the United States or aids, abets, counsels,

ments arose from incidents that took place on April 29, 1975, when the appellants, a Government informant, Paul Charles, and a federal agent consummated a sale of heroin in Albert's automobile. Prior to the sale in question, Paul Charles asked Henciar to furnish narcotics for his friend, who was a Government agent. Henciar agreed and on April 29, 1975, she sold a quantity of heroin to the Government agent. Albert was present in the automobile at the time of the sale and assisted in the transaction.

Upon conviction, Henciar was sentenced to an indeterminate period of six years under the Youth Correction Act, 18 U.S.C. § 5010(b). Albert received concurrent six year sentences on each count of the indictment.

Henciar asserts two grounds for reversal, contending that the district court erred: (1) in submitting her case to the jury because she had established entrapment as a matter of law; and (2) in permitting the introduction of testimony regarding a previous sale of heroin by her for the purpose of establishing her intent and predisposition to commit the subsequent offense for which she was indicted. We conclude that these contentions are without merit and affirm the conviction.

Albert raises three grounds for reversal, contending that the district court erred: (1) in refusing to dismiss one count of the two count indictment when both offenses arose from a single transaction; (2) in permitting the government to ask a witness for the purpose of identification whether he had ever seen Albert prior to the date of the alleged sale of heroin; and (3) in refusing to permit him to raise the defense of entrapment in spite of his refusal to admit that he was guilty of the crime. We conclude that these contentions are without merit but remand the case for the purpose of vacating one of the two concurrent sentences.

> commands, induces or procures its commission, is punishable as a principal.
> (b) Whoever willfully causes an act to be done which if directly performed by him or

### I. Barbara Jane Henciar

Appellant Henciar first contends that the district court erred in submitting the issue of entrapment to the jury because the defense had been established as a matter of law. This contention is without merit. The Supreme Court in *Sherman v. United States*, 356 U.S. 369, 373–75, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), held that entrapment could be found as a matter of law only when it was "patently clear" that the accused was induced by a Government informant to commit the crime. This court in *United States v. Ambrose*, 483 F.2d 742, 746 (6th Cir. 1973), stated that:

> [O]nly when *undisputed facts* establish that the criminal design originated with the Government agent, that the agent implanted in the mind of an innocent person the disposition to commit the offense, and that the defendant then committed the offense at the urging of the Government agent can we conclude that entrapment was established as a matter of law. (Emphasis added).

Contrary to appellant's assertion, a review of the record establishes to our satisfaction that there was substantial disputed testimony concerning whether the criminal design originated with the Government agents or whether Henciar was predisposed to commit the crime. Moreover, the mere fact that the Government informant in the instant case on various occasions attempted to arrange the purchase of narcotics from Henciar does not establish the defense of entrapment as a matter of law. As this court noted in *United States v. Hairrell*, 521 F.2d 1264 (6th Cir.), *cert. denied*, 423 U.S. 1035, 96 S.Ct. 568, 46 L.Ed.2d 409 (1975):

> The defense of entrapment is not established as a matter of law by demonstrating that the government provided the opportunities or facilities for commission of the crime or that deceit was employed to induce a defendant to deal with government agents. If there is any showing of a predisposition on the part of

> another would be an offense against the United States, is punishable as a principal.

the defendant to commit the crime, it is for the jury to determine whether government agents actually implanted the criminal design in the mind of the defendant.

Accordingly, having found substantial disputed facts and having determined that there was no "patently clear" showing of inducement by Government agents, we conclude that the district court properly submitted the issue of entrapment to the jury.

■ Henciar next contends that the district court erred in permitting the introduction of testimony regarding a previous sale of heroin by her for the purpose of establishing her intent and predisposition to commit the offense for which she was indicted. Appellant bases this argument on the assertion that her intent was not in issue. This contention is without merit. By raising the defense of entrapment, Henciar put her intent in issue. Accordingly, evidence of other wrongful acts was admissible in order to show intent and predisposition. *See* Rule 404(b) Fed.R.Evid. We therefore conclude that the district court properly allowed testimony concerning prior criminal acts for the purpose of demonstrating Henciar's predisposition to sell heroin.

## II. George Victor Albert

■ Appellant Albert first contends that the district court erred in failing to dismiss one count of the indictment because both counts arose from a single transaction. Albert argues that one of the two counts is superfluous since the indictment charges him with possession with intent to distribute heroin, distribution, and aiding and abetting the offenses. Title 21 U.S.C. § 841(a)(1)[2] makes it unlawful to "distribute" or to "possess with intent to distribute" a controlled substance. In *United States v. Stevens*, 521 F.2d 334 (6th Cir. 1975), and *United States v. King*, 521 F.2d 356 (6th Cir. 1975), this court found that when a single sale of a controlled substance gives rise to separate counts charging possession and sale under 21 U.S.C. § 841(a)(1), there is a merger of the two offenses permitting only one sentence upon conviction of both counts. Contrary to appellant's assertion, the decisions in *Stevens* and *King* do not preclude the multiple count indictment at issue in the instant case. Rather, those decisions held that separate convictions on the two counts were permissible, but that multiple sentences could not be imposed.

Accordingly, because Albert received identical concurrent sentences on each count of the indictment, his case must be remanded for the purpose of vacating one of the two concurrent sentences.

■ Albert next contends that the district court erred in permitting the Government to ask a witness for the purpose of identification whether he had ever seen appellant prior to the date of the criminal offense. The testimony was as follows:

BY MR. MILLIKEN:

Q Agent Linoski, have you ever seen George Victor Albert on occasion other than the one you earlier testified to?

A Yes, sir.

Q Was that prior to or subsequent to the date of April 29, 1975?

A It was November of 1974.

MR. MILLIKEN: Thank you very much. No further questions, your Honor.

Albert contends that this testimony was intended to prejudice him by innuendo rather than to establish that the Government agent positively could identify him. Albert asserts that the testimony of the narcotics agent implied that he previously had been involved in narcotics. We find this contention to be without merit.

■ Albert finally contends that the district court erred in failing to permit him to raise the defense of entrapment in spite of his refusal to admit that he was guilty of the crime charged. On the other hand, the Government contends that one may not plead entrapment and nonparticipation in the alternative because the defense of entrapment admits all elements of the offense. *See, e. g., United States v. Mitchell,*

---

2. *See* note 1, *supra.*

514 F.2d 758, 761 (6th Cir.), *cert. denied*, 423 U.S. 847, 96 S.Ct. 86, 46 L.Ed.2d 68 (1975); *United States v. Posey*, 501 F.2d 998, 1002 (6th Cir. 1974); *United States v. Lamonge*, 458 F.2d 197, 201 (6th Cir.), *cert. denied*, 409 U.S. 863, 93 S.Ct. 153, 34 L.Ed.2d 110 (1972). Albert relies upon *United States v. Groessel*, 440 F.2d 602 (5th Cir.), *cert. denied*, 403 U.S. 933, 91 S.Ct. 2263, 29 L.Ed.2d 713 (1971), in which the Fifth Circuit stated that although the defense of entrapment is not available when the defendant denies the acts upon which the prosecution is based, the defense is available when the defendant chooses not to testify so that no evidence inconsistent with the defense is introduced. 440 F.2d at 605. Appellant therefore argues that since he did not take the stand, he is entitled to the defense of entrapment. We find *Groessel* to be factually distinguishable from the instant case, in that there was no evidence from which the jury could have concluded that Albert was entrapped.

The judgments of conviction of both appellants are affirmed except as to the sentencing of Albert. His case is remanded to the district court for the purpose of vacating one of the two concurrent sentences imposed upon him, in accordance with *Stevens, supra*, 521 F.2d 334.