**UNITED STATES of America, Plaintiff,**

**v.**

**Jeffrey KNIGHT, Defendant.**

**No. CR–3–84–33.**

United States District Court,
S.D. Ohio, W.D.

March 11, 1985.

James A. Wilson, Asst. U.S. Atty., Dayton, Ohio, for plaintiff.

Douglas Casteel, Dayton, Ohio, for defendant.

## VERDICT OF NOT GUILTY; TERMINATION ENTRY

RICE, District Judge.

Defendant Jeffrey R. Knight was charged in a two count indictment with possession and transfer of a "sawed-off" shotgun in violation of 26 U.S.C. §§ 5861(d), (e) and 5871. Doc. # 4. The Defendant, with the consent of the Government, waived his right to a jury trial. Doc. # 11. Having heard the evidence as the finder of fact, this Court now makes its findings on whether the Government has sustained its burden of proving Defendant's guilt, beyond a reasonable doubt. *See*, Rule 23(c), Fed.R.Crim.P.

At trial, the Defendant admitted the essential elements of the offenses charged in the indictment and raised the defense of entrapment. *See also*, Defendant's Post-Trial Brief (Doc. # 14). Indeed, based upon the evidence adduced at trial, the Court concludes that the Government has established each and every essential element of the offenses charged in the indictment with proof beyond a reasonable doubt. Therefore, the asserted defense of entrapment will be the focus of the Court's findings.

■ At the conclusion of the trial, the Court informed counsel that it questioned whether there was sufficient evidence in the record to raise the defense of entrapment in the first instance. As the Sixth Circuit said in *United States v. Ambrose*, 483 F.2d 742, 753 (6th Cir.1973), "... the defendant was required to introduce evidence of inducement before the prosecution would be required to prove beyond a reasonable doubt that the defendant was predisposed ...," *citing, United States v. Sherman*, 200 F.2d 880, 882–83 (2d Cir.

1952) (Per Learned Hand, J.) Thus, the Court must initially decide whether the Defendant introduced sufficient evidence of inducement by an undercover agent of the Government to place upon the Government the requirement of proving the Defendant's predisposition to commit crime, beyond a reasonable doubt.

There is a paucity of authority in the Sixth Circuit which addresses the issue of the sufficiency of the evidence of inducement necessary to raise the defense of entrapment. In *United States v. Jones*, 575 F.2d 81, 83–84 (6th Cir.1978), the Court said:

> Simply stated, when entrapment is asserted as a defense, if the defense raises the issue by evidence either in the government's case in chief, or in the defense, the burden of proof is on the government to prove beyond a reasonable doubt that the defendant had a predisposition to commit the crime.

In *United States v. Ambrose*, 483 F.2d 742, 753 (6th Cir.1973) the court said, "... the defendant was required to introduce evidence of inducement before the prosecution would be required to prove beyond a reasonable doubt that the defendant was predisposed ..." See also *United States v. Eddings*, 478 F.2d 67 (6th Cir.1973).

In *Kadis v. United States*, 373 F.2d 370 (1st Cir.1967) the court said at 373–374, "Henceforth we will look, singly, at the ultimate question of entrapment. If the defendant shows, through government witnesses or otherwise, some indication that a government agent corrupted him, the burden of disproving entrapment will be on the government; but such a showing is not made simply by evidence of a solicitation. There must be some evidence tending to show readiness."

As to quantity of "some evidence" see further discussion in *Kadis* at p. 374.

In *Kadis*, the First Circuit said that the amount of evidence "tending to show unreadiness" need not be so substantial as to require a directed verdict in favor of the Defendant, if uncontroverted; however,

the quantum of evidence must be more than a mere scintilla. 373 F.2d at 374. *See also, United States v. Kakley,* 741 F.2d 1, 3 (1st Cir.1984); *United States v. Luce,* 726 F.2d 47, 49 (1st Cir.1984); *Tzimopoulos v. United States,* 554 F.2d 1216, 1217 (1st Cir.), *cert. denied,* 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977). In other circuits, courts have established different tests to determine whether sufficient evidence has been introduced to raise the defense of entrapment. For instance in *United States v. Andrew,* 666 F.2d 915, 922 (5th Cir.1982), the court said:

> We note at the outset that the mere assertion of entrapment does not require the trial judge to automatically instruct the jury on it. Defendant must first present evidence showing both (1) lack of his predisposition to commit the crime, and (2) some governmental involvement and inducement more than just providing an opportunity or facilities to commit the crime.

*Accord, United States v. Kidd,* 734 F.2d 409, 413 (9th Cir.1984); *United States v. Watson,* 489 F.2d 504, 508–09 (3rd Cir. 1973).

■ It does not matter whether this Court applies the test set forth in *Kadis* (more than a mere scintilla of evidence tending to show unreadiness) or the two factor test set forth in *Andrew.* The Court is convinced that under either standard, the Defendant has introduced sufficient evidence to raise the defense of entrapment, to wit: The Defendant's testimony that he offered to sell the weapon in an *un*sawed-off state, but that the government agent indicated, on both the first and second contact with the Defendant, that he would buy the weapon only if it were sawed off; the Defendant finally agreeing on the second contact, after having first refused the agent's request to saw off the barrel of the weapon, because he needed the money.

Accordingly the Court turns to the issue of entrapment.

In the recent case of *United States v. Pennell,* 737 F.2d 521, 534 (6th Cir.1984),

the court succinctly summarized the law of entrapment.

The central inquiry in entrapment cases is whether law enforcement officials implanted a criminal design in the mind of an otherwise law-abiding citizen or whether the government merely provided an opportunity to commit a crime to one who was already predisposed to do so. *See, e.g., United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Sherman v. United States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); *United States v. Norton,* 700 F.2d 1072, 1075 (6th Cir.), *cert. denied,* [461] U.S. [910], 103 S.Ct. 1885, 76 L.Ed.2d 814 (1983). If a defendant raises the entrapment defense, the government bears the burden of proving predisposition beyond a reasonable doubt. *United States v. Jones,* 575 F.2d 81, 83 (6th Cir.1978).

■ Entrapment may be established in either of two ways. First, the defense may be proved as a matter of law when the facts are undisputed (the court may not make credibility findings or choose between conflicting testimony) *and* this undisputed evidence demonstrates a clear absence of predisposition. *Pennell,* 737 F.2d at 534. *See also, United States v. Henciar,* 568 F.2d 489 (6th Cir.1977), *cert. denied,* 435 U.S. 953, 98 S.Ct. 1582, 55 L.Ed.2d 803 (1978). "If either of these elements is missing, then the predisposition question is for the [fact finder] to decide." *Pennell,* 737 F.2d at 534. In other words, if either of the elements is missing, entrapment presents a fact question. In the present case, there was conflicting testimony about the event surrounding the Defendant's possession and sale of the "sawed-off" shotgun. Therefore since the facts were disputed, entrapment was *not* established as a matter of law. Accordingly, the Court, sitting as fact finder, must analyze the evidence before it to determine whether entrapment was established as a matter of *fact.* Stated somewhat differently, the issue before the Court is whether the Government proved predisposition beyond a reasonable doubt.

The Sixth Circuit has established clear standards to help guide a Court through its analysis of the evidence relating to predisposition. First in *United States v. Lasuita,* 752 F.2d 249 (6th Cir.1985), the court emphasized that the Government must prove predisposition at the time of the initial contact between the Government and the Defendant, rather than at the time the offense is actually committed. Second in *United States v. McLernon,* 746 F.2d 1098 (6th Cir.1984), the court listed a number of factors relevant to determining predisposition which include:[1]

> the character or reputation of the defendant, including any prior criminal record; whether the suggestion of the criminal activity was initially made by the Government; whether the defendant was engaged in criminal activity for profit; whether the defendant evidenced reluctance to commit the offense, overcome only by repeated Government inducement, or persuasion; and the nature of the inducement or persuasion supplied by the Government.

746 F.2d at 1112 (quoting *United States v. Reynoso-Ulloa,* 548 F.2d 1329, 1336 (9th Cir.1977), *cert. denied,* 436 U.S. 926, 98 S.Ct. 2820, 56 L.Ed.2d 769 (1978) and *United States v. Kaminski,* 703 F.2d 1004, 1008 (7th Cir.1983)).

■ Applying these factors to the evidence before it, this Court concludes that it entertains a reasonable doubt as to whether the Defendant had the predisposition to commit the offenses charged in the indictment when he first came into contact with Mr. Shanks, the Government informant. The Court has already informed counsel that it credits the version of events contained in the testimony of the Defendant and Mr. Fraley, as opposed to the version contained in the testimony of Mr. Shanks. This testimony reveals that the Defendant was willing to sell a shotgun with the legal barrel length to the Government informant Shanks. However, the informant insisted that he would purchase a shotgun only if the barrel were "sawed-off." The Defend-

ant's reluctance to sell such a weapon was overcome by repeated Government inducements and the Defendant's precarious financial condition. Furthermore, the evidence also revealed that the Defendant did not cut the barrel until repeated Government importuning overcame his reluctance to do so. Herein, the nature of the Government's inducements (the type of pressure it took to overcome Defendant's reluctance to sell the gun with a shortened barrel) is circumstantial evidence that the Defendant had the requisite predisposition, because there was no overreaching by preying on an established relationship between the informant and Defendant in order to induce the commission of the crimes. *Cf. McLernon,* 746 F.2d at 1113–14. Nevertheless, in the absence of any other evidence of predisposition, such as a prior record or that the Defendant had a reputation for criminal behavior, this alone is not sufficient to prove beyond a reasonable doubt that the Defendant had the predisposition to commit the offenses for which he is charged in the indictment.

Based upon the foregoing, the Court, sitting as the trier of fact, herein finds the Defendant Jeffrey R. Knight *Not Guilty* of Count 1 and Count 2 of the indictment.

---

1. Although the *McLernon* court addressed the question of entrapment as a matter of law, common sense dictates that the same factors are relevant in determining whether the evidence establishes entrapment as a matter of fact.