937 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timas Bernard NOLLEY, Sr., Defendant-Appellant.
 No. 90-5812.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 17, 1991.
Decided July 3, 1991.
As Amended Aug. 13, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR-88-96-C)
 Kenneth P. Andresen, Charlotte, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, H. Thomas Church, Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED IN PART AND REMANDED.
 Before DONALD RUSSELL, K.K. HALL and PHILLIPS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Timas Nolley, Sr., was convicted by a jury of conspiracy to distribute cocaine (21 U.S.C. Sec. 846), possession of cocaine with intent to distribute (21 U.S.C. Sec. 841), distribution of cocaine (21 U.S.C. Sec. 841) and unlawful use of food stamps (7 U.S.C. Sec. 2024(b) and 18 U.S.C. Sec. 2). He appeals his conviction and sentence. Nolley's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but indicating that, in his view, there are no meritorious issues for appeal. Nolley has filed a supplementary pro se brief.
 
 
 2
 Nolley's counsel raised the questions of whether the trial court erred in failing to grant a continuance to a later term after Nolley appeared during jury selection in a tank top and in admitting testimony from a co-defendant that he had previously fronted cocaine to Nolley. We find no abuse of discretion in either ruling; Nolley was properly dressed by the time the trial itself began, and the co-defendant's testimony was admissible to show knowledge and absence of mistake, United States v. Rawle, 845 F.2d 1244 (4th Cir.1988), especially as Nolley testified that he had no idea what was in the bag he gave to the agent in exchange for food stamps and cash at the co-defendant's direction.
 
 
 3
 Nolley's attorney also challenges the extent of the district court's downward departure at sentencing, contending that the court should have departed by four offense levels instead of one. While a defendant may appeal an upward departure under 18 U.S.C. Sec. 3742(a)(3)(A), the statute does not authorize a defendant to challenge the extent of a departure in his favor. Cf. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S.1990) (refusal to depart is not appealable).
 
 
 4
 Finally, Nolley argues in his supplemental brief that his four offenses were all one transaction and that he should not have been convicted and sentenced on all four. He is partially correct. He was convicted of both possession of cocaine with intent to distribute (Count 8) and distribution of cocaine (Count 9) under 21 U.S.C. Sec. 841. Both convictions involved a single distribution. There was no evidence of possession with intent to distribute apart from this transaction. In this circumstance, the protection against double jeopardy is violated by the imposition of cumulative punishments. United States v. Mendoza, 902 F.2d 693, 696-97 (8th Cir.1990); United States v. Palafox, 764 F.2d 558, 561-63 (9th Cir.1985); United States v. Curry, 512 F.2d 1299, 1305-06 (4th Cir.), cert. denied, 423 U.S. 832 (1975).
 
 
 5
 Nolley's conspiracy, possession and distribution convictions were grouped for sentencing and he was ultimately sentenced as a career offender; the district court departed downward by one offense level and sentenced Nolley toward the low end of the resulting guideline. It is not possible to be certain whether the separate convictions for possession and for distribution influenced the sentence selected within the guideline range. If the final sentence was greater because of the number of convictions, the sentence could constitute impermissible cumulative punishment. See Mendoza, 902 F.2d at 697.
 
 
 6
 We also must consider whether the separate convictions for possession and distribution are in themselves unauthorized punishment. The circuits are split on this issue. See Mendoza, supra (conviction and sentence should be vacated); Palafox, supra, (one conviction and sentence should be stayed until service of the other sentence is complete); United States v. Gomez, 593 F.2d 210 (3d Cir.) (sentence only should be vacated), cert. denied, 441 U.S. 948 (1979); United States v. Stevens, 521 F.2d 334 (6th Cir.1975) (sentence only should be vacated).
 
 
 7
 The Supreme Court has held, in Ball v. United States, 470 U.S. 856, 864-65 (1985), that where Congress has not authorized multiple punishment for convictions under several sections of a statute which are based on the same act, one of the convictions, "as well as its concurrent sentence, is unauthorized punishment" because it has significant potential adverse collateral consequences. Ball, 470 U.S. 864-65.
 
 
 8
 Certainly, under guideline sentencing, any conviction has potential adverse consequences because it will affect a defendant's future criminal history score should he be convicted of another offense. Therefore, following Ball, we remand this case to the district court with instructions to vacate one of the convictions under 21 U.S.C. Sec. 841, to decrease by fifty dollars the amount assessed on Nolley under 18 U.S.C. Sec. 3013, and to resentence Nolley. The judgment is otherwise affirmed.
 
 
 9
 In accordance with the requirements of Anders, supra, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 
 11
 AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.