946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marlon A. GREER, Defendant-Appellant.
 No. 91-3258.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1991.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction in a cocaine case. A jury found the defendant, Marlon A. Greer, guilty of unlawful distribution of cocaine, unlawful possession of cocaine with intent to distribute it, and possession of a firearm in relation to a drug-trafficking crime. Two assignments of error are presented: (1) that the district court abused its discretion in admitting evidence of a prior sale of cocaine by the defendant, and (2) that the district court erred in allowing the defendant to be convicted on separate counts of distribution and possession when only one offense was committed. Finding neither of the defendant's arguments persuasive, we shall affirm the conviction.
 
 
 2
 * Early in July of 1990 the Narcotics Bureau of the Columbus, Ohio, Police Department received anonymous complaints about a crack house at 67 1/2 Euclid Avenue in Columbus. Police Detective Steve Lazarus then arranged to have a police informant, Bruce Wood, make a purchase of crack cocaine at the house in question. Mr. Wood bought .13 grams of crack on July 7, 1990, and he subsequently identified defendant Greer as the one who sold it to him.
 
 
 3
 On July 10, 1990, Detective Lazarus asked Mr. Wood to make another purchase. Mr. Wood entered the house and attempted to buy more crack, but defendant Greer said he did not have any cocaine and would have to make a phone call to his supplier. Mr. Greer then left the house and was seen using an outside pay phone.
 
 
 4
 Mr. Wood left the house also, but returned later in the evening. By this time defendant Greer had cocaine available for sale. After serving another customer, Greer cut off a "rock" for Mr. Wood. Wood paid for his purchase with $25 in bills furnished by the police. He noticed that Greer was carrying a firearm in his waistband.
 
 
 5
 At approximately 9:16 p.m., acting pursuant to a search warrant, a Columbus Police Department SWAT team entered the residence. A SWAT officer saw defendant Greer, or a man fitting his description, throw a plate out of an upstairs window, and the police discovered approximately 30 unit doses of crack cocaine on the roof. Defendant Greer was placed under arrest, and he was found to be in possession of more than $1,000 in cash; the serial numbers on a $20 bill and a $5 bill in Greer's possession matched those on the bills with which Wood paid for his drug purchase. In his hip pocket Mr. Greer had a house key to the second and third floors of the residence. A firearm was found next to Mr. Greer at the time of his arrest. Elsewhere in the house were a razor blade, a test tube, and two crack cocaine pipes with crack residue on them.
 
 II
 
 6
 Defendant Greer argues on appeal that the district court erred in allowing Mr. Wood to testify, over objection, about the cocaine purchase he made on July 7. We find no abuse of discretion in the admission of this testimony.
 
 
 7
 The district court had discretion to admit the evidence under Fed.R.Evid. 404(b):
 
 
 8
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.
 
 
 9
 Rule 404(b) "is actually a rule of inclusion rather than exclusion, since only one use is forbidden and several permissible uses of such evidence are identified." United States v. Blankenship, 775 F.2d 735, 739 (6th Cir.1988).
 
 
 10
 In determining the admissibility of evidence under Rule 404(b), a court must determine whether the evidence is being offered for a permissible purpose and whether the probative value of the evidence outweighs any undue prejudice. United States v. Rodriquez, 882 F.2d 1059, 1064 (6th Cir.1989), cert. denied, 110 S.Ct. 1144 (1990). The district court's determination will not be reversed absent a clear showing of an abuse of discretion. United States v. Hickey, 917 F.2d 901, 904 (6th Cir.1990). We cannot find an abuse of discretion unless we have "a definite and firm conviction that the trial court committed a clear error of judgment." Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989).
 
 
 11
 We have no such "firm conviction" in the case at bar. To prove its case, the government was required to show that defendant Greer had the intent to distribute cocaine. Greer's sale of cocaine three days prior to his arrest is clearly probative of an intent to distribute. United States v. Rodriquez, supra, is directly in point. In Rodriquez, undercover detectives purchased cocaine from the defendant on both November 24th and December 3rd. The defendant was subsequently charged with possession with intent to distribute cocaine on or about December 3. He was not charged on the November 24th transaction, but evidence of that transaction was introduced at trial. We held that the evidence was admissible because it was "probative of the defendant's criminal intent to distribute cocaine." Id. at 1065. U.S. v. Robison, 904 F.2d 365 (6th Cir.), cert. denied, 111 S.Ct. 360 (1990), is to the same effect.
 
 
 12
 We cannot say that evidence of the July 7th transaction between Greer and Wood was unduly prejudicial. "A district court is granted 'very broad' discretion in determining whether the danger of undue prejudice outweighs the probative value of the evidence." United States v. Vance, 871 F.2d 572, 576 (6th Cir.), cert. denied, 110 S.Ct. 323 (1989). We are satisfied that the district court did not abuse its discretion in admitting the evidence here.
 
 III
 
 13
 Under 21 U.S.C. § 841(a)(1) it is "unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Defendant Greer argues that he could not properly be convicted of both distribution and possession with intent to distribute because the same evidence was required to prove both offenses: "In any situation in which a person distributes a controlled substance he or she will necessarily also be guilty of possession with intent to distribute since one must be in possession of a substance, either actually or constructively, before one can distribute it."
 
 
 14
 Again we are not convinced. The crimes of distribution and possession with intent to distribute are separate offenses. See United States v. Miller, 870 F.2d 1067 (6th Cir.1989). It is true that the defendant could not have been convicted and sentenced separately for possessing and distributing the same cocaine. United States v. Stevens, 521 F.2d 334 (6th Cir.1975); see also United States v. Mendoza, 902 F.2d 693 (8th Cir.1990). Mr. Greer's convictions however, were not based on the same cocaine. The distribution charge was based on distribution of the cocaine that was sold to Mr. Wood, and the possession charge was based on possession of the cocaine that was found on the roof of the residence. As held in United States v. Carter, 576 F.2d 1061, 1064 (3d Cir.1978), "[w]hen an individual possesses an amount of heroin that could result in a future distribution, and when the same individual also distributes another quantity of heroin, he is punishable for both possession and for distribution."
 
 
 15
 AFFIRMED.