89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald Gary DAVIS, Defendant-Appellant.
 No. 95-1141.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1996.
 
 Before: KENNEDY, JONES, and CONTIE, Circuit Judges.
 
 ORDER
 
 1
 Reginald Gary Davis appeals a district court order denying his motion to correct an illegal sentence filed under Fed.R.Crim.P. 35(a). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, a jury convicted Davis of one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Davis to three consecutive fifteen year terms of imprisonment, for a total of forty-five years of imprisonment, and a special parole term of six years. On appeal, this court affirmed his conviction and sentence. United States v. Davis, No. 87-1969, 1988 WL 64711 (6th Cir. June 24, 1988).
 
 
 3
 In his Rule 35(a) motion, Davis argued that his convictions on the three separate counts violated the Double Jeopardy Clause and that the district court improperly imposed the special parole term. The district court denied Davis's motion as meritless. Davis has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly denied Davis's motion. This court reviews the district court's denial of a Fed.R.Crim.P. 35(a) motion for an abuse of discretion. See United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986). Since Davis's offense predated November 1, 1987, the "old version" of Rule 35(a) applies to this case. Under that version, "the court may correct an illegal sentence at any time."
 
 
 5
 We note that Davis acknowledges on appeal that his conviction for conspiracy does not violate the Double Jeopardy Clause. Further, Davis does not argue on appeal that the district court improperly imposed a special parole term. Consequently, these claims are considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Davis's only remaining argument is that his separate convictions for distribution of cocaine and possession with intent to distribute cocaine violate the Double Jeopardy Clause.
 
 
 6
 Davis's convictions do not violate the Double Jeopardy Clause. While the Double Jeopardy Clause protects against multiple punishments for the same offense, see generally Schiro v. Farley, 510 U.S. 222, ----, 114 S.Ct. 783, 789 (1994), it does not prevent additional punishment if each offense contains an element not present in the other. United States v. Dixon, 509 U.S. 688, ----, 113 S.Ct. 2849, 2856 (1993). Under 21 U.S.C. § 841(a)(1), a possession with intent to distribute charge can be demonstrated "without proof of actual distribution and the distribution charge can conceivably be proved without proof of possession." United States v. Stevens, 521 F.2d 334, 337 n. 2 (6th Cir.1975). Consequently, these offenses require proof of a fact that the other does not and convictions for both offenses arising from the same set of facts do not violate the Double Jeopardy Clause. Id. Additionally, separate quantities of cocaine existed to support Davis's convictions for distribution of cocaine and possession with intent to distribute cocaine and, therefore, the convictions did not violate the Double Jeopardy Clause. See generally Stevens, 521 F.2d at 336-37; United States v. Rodriguez-Cardona, 924 F.2d 1148, 1159 (1st Cir.) (no double jeopardy violation because the distribution itself was not the sole evidence of possession nor was the possession shown to exist only at the moment of distribution), cert. denied, 502 U.S. 809 (1991).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.